UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

MOTION TO SUPPRESS PHYSICAL EVIDENCE

NOW comes the defendant, Kent Awer, and moves that this Honorable Court suppress the physical evidence in this case on the grounds that the evidence, two quantities of cocaine base, was seized in violation of the Fourth Amendment to the United States Constitution, as the police officers who seized the cocaine base did not have reasonable suspicion nor probable cause to justify the searches. In further support of this motion, the defendant incorporates by reference the attached memorandum of law in support of motion to suppress physical evidence.

KENT AWER,
By his attorney,

/s/ EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
Fax (401) 528 - 4285
Email: Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I electronically-filed and served a copy of the within on Sandra R. Beckner, AUSA on the 1st day of October, 2006.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SUPPRESS PHYSICAL EVIDENCE

The defendant, Kent Awer, and moves that this Honorable Court suppress the physical evidence in this case on the grounds that the evidence, two quantities of cocaine base, was seized in violation of the Fourth Amendment to the United States Constitution, as the police officers who seized the cocaine base did not have reasonable suspicion nor probable cause to justify the searches.

I. Factual Basis For Seizure

The defendant was the passenger in a rented vehicle driven by a female, Dianikqua Johnson, who did not have a valid driver's license. ( Copies of the police reports are attached hereto as Exhibit A). The basis for the stop of the vehicle is a claim that the vehicle was speeding.

At some point in time, the officers clainm that the defendant made "furtive movements" and observed that the passenger, Mr. Awer, was "sweating profusely". Based on the Mr. Awer's "furtive movements" and perspiration, the

officers asked him to exit the vehicle. While Mr. Awer was exiting the vehicle, the officers claimed to have noticed a movement by Awer to his coat pocket. The officers then questioned Mr. Awer and he stated that he had marijuana in the coat pocket. At that point, Mr. Awer was arrested.

After the arrival of back-up officers, the backseat passenger, Lashon Simmons, was taken out of the vehicle. The police reports are silent as to whether or not Mr. Simmons had a valid license to operate a vehicle. After Simmons was "secured" in an officer's vehicle and the determination was made to tow the vehicle. During an inventory search of the vehicle, officers discovered a large quantity of cocaine base, 587 grams, in the trunk of the vehicle. At the police station, a strip search of the defendant revealed a smaller quanity of cocaine base.

## II. Argument

### A. The Police Lacked Probable Cause To Stop The Vehicle In Which Defendant Was A Passenger.

The government will claim that the police had probable cause to stop the vehicle in which Awer was a passenger because of a speeding violation. The defendant disputes that there was probable cause for the speeding violation and maintains that the stop was pretextual.

The government bears the burden of demonstrating that the police had the requisite probable cause to stop the vehicle based on a traffic violation. The

defendant would like to reserve the right to supplement this memorandum after the Court conducts a suppression hearing in this matter as additional facts are expected to be developed which may impact the decision on this issue.

### B. The Police Lacked Reasonable Suspicion To Remove The Defendant From The Vehicle And To Search The Defendant's Person.

The defendant maintains that the police did not have reasonable suspicion to remove the defendant from the vehicle to perform a search of his person. The police report prepared by officer Dubois indicates that at the initial phase of the traffic stop, Mr. Awer was asked to provide his license and rental information for the vehicle. This cooperative effort is completely inconsistent with the "furtive movements" alleged in the report. Further, despite the contention that Mr. Awer was reaching toward the middle of the vehicle, nothing was found in the vehicle passenger compartment. It is totally illogical for Mr. Awer to have made a furtive movement when he had just been completely cooperative. Further, Mr. Awer had no reason to reach in the middle of the car as nothing was found there.

The furtive movements alone do not justify a pat down of Mr. Awer. In the recent decision of the United States Court of Appeals for the First Circuit in United States v. McKoy, 428 F. 3d 38 (1st Cir. 2005), the Court affirmed the granting of a motion to suppress where the officers had attempted to justify a

Terry frisk based on the defendant-driver's "furtive movements". In response to the Government's claim that the "furtive movements" allowed the officers to frisk Mr. McKoy, the Court of Appeals wrote:

> " McKoy's nervous manner is easily explained. Nervousness is a common and entirely natural reaction to police presence, and the district court found that McKoy knew he was dealing with police officers at lest from the time the two officers approached the car. Moreover, there was nothing sinister or menacing about McKoy's reaching movement toward the center console. Although it is possible that such a movement could be made to get a weapon, the movement is also consistent with reaching for a driver's license or registration, a perfectly lawful action that is to be expected when one is pulled over by the police. "
>
> 428 F. 3d, at 40.

Under Terry v. Ohio, 392 U.S. 1, 27, (1968), a police officer must have reasonable suspicion that criminal activity may be occurring before a patdown may lawfully take place. In this case, the mere "furtive movements" do not satisfy the requirements of Terry v. Ohio, *supra*. In this case, Awer's movements are even more easily explained than those of McKoy because Awer had been asked to provide his license and the rental agreement.

Nothing in Dubois' report indicates that the documents were in fact handed over, therefore, the inference to be drawn is that Awer did not provide his license and rental agreement. His actions, therefore, were entirely consistent with his attempt to retrieve the rental agreement and his driver's license.

In view of the fact that the marijuana was discovered during the illegal pat-down search of Awer, the police lacked a legitimate reason to arrest him. In view of that fact, the vehicle would not have been towed and, resultingly, no inventory search would have to be conducted incident to the police seizure of the vehicle. In addition, had Awer not been arrested, the drugs found in the strip-search would not have been seized as there was no reason for his arrest.

C. The Seizure Of The Vehicle Violated The Fourth Amendment

Assuming, *arguendo*, that the East Providence had probable cause for the traffic stop of the vehicle and reasonable suspicion for the patdown/seizure of the defendant, the next issue for the Court to determine is the propriety of the seizure of the vehicle.

In this case, the facts reveal that the defendant clearly was the renter of the vehicle. As such, he had authority to have a third person take the vehicle from the scene of the highway stop and arrest. No effort was made to allow Mr. Awer to provide for the removal of the vehicle. See United States v. Duguay, 93 F. 3d 346 (7th Cir. ). ( Car may not be impounded for search unless arrestee could not provide for removal )

In this case, there appears to be no evidence of standardized procedures for the seizure of vehicles. The lack of standardized procedures provides the police with unfettered discretion as to which vehicles to seize, a concept that violates the

Fourth Amendment. See Florida v. Wells, 495 U.S. 1 (1990), where the Supreme Court affirmed the suppression of evidence because the Florida Highway Patrol lacked a standardized procedure for the opening of closed containers.) In this case, the lack of any written policy on the impoundment or seizure of vehicles places this case in the same context as Florida v. Wells, *supra.* Accordingly, the seizure of the vehicle rented by the defendant violated the fourth amendment.

D. The Strip Search Of The Defendant Violated The Fourth Amendment

The police strip searched the defendant upon his arrival at the police station. Other than the defendant's arrest for a large quantity of crack cocaine, found in the trunk of a rented vehicle, there was no evidence upon which to base a reasonable suspicion that the defendant was concealing contraband on his person.

This case is on all fours with a recent decision of Chief Judge Ernest C. Torres in United States v. Kenny Barnes, 2006 U.S. Dist. LEXIS 37962 ( June 8, 2006). Accordingly, the strip search of the defendant violated the Fourth Amendment.

KENT AWER,
By his attorney,

/s/ EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
Fax (401) 528 - 4285
Email: Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I electronically-filed and served a copy of the within on Sandra R. Beckner, AUSA on the 1st day of October, 2006.

/s/ Edward C. Roy, Esquire