Ref: 06-953-AR

| | | | |
|---|---|---|---|
| Entered: | 05/02/2006 @ 1041 | Entry ID: | 3178 |
| Modified: | 05/02/2006 @ 1041 | Modified ID: | 3178 |
| Approved: | 05/02/2006 @ 1042 | Approval ID: | 3178 |

# OFFICER WITNESS STATEMENT

On 05/02/06 at approximately 0113 hours Officer Gardner, Crowley, Sgt. Nelson and I report the rrest Kent F. Awer dob 03/14/75, Dianikqua Johnson dob 03/06/85, and Lashon Simmons dob 5/27/75. Awer is being charged with manufacturing/possession/delivery of cocaine, controlled ıbstance conspiracy, and possession of marijuana subsequent offense. Johnson is being charged ith driving without a license, controlled substance conspiracy, and manufacturing/possessing/delivery cocaine. Simmons is also being charged with manufacturing/possessing/delivery of cocaineand ontrolled substance conspiracy.

ACTS:

On 05/02/06 at approximately 0110 hours while on routine patrol, I was operating Cruiser 9, I oserved RI passenger SA557 on a red Chevy traveling east bound on 195. I followed the vehicle for oproximately a half mile clocking the vehicle between 68 mph and 71 mph. I followed the vehicle at e same distance for approximately a 1/2 mile. As I passed exit 6 I activated my emergency lights. ne vehicle continued traveling switching lanes without signaling and not stopping. The vehicle aveled approximately 1/2 mile before coming to a stop.

The vehicle finally came to a stop after exit 8, prior to the East Shore Expressway underpass. I oproached the vehicle and asked the operator to produce her license, registration, and insurance. ne passenger leaned into the driver's compartment stating it was a rental vehicle and it was rented to m. The driver stated she has never applied for a license and produced a Massachusetts health card entifying herself as Dianikqua A. Johnson dob 03/06/85. To confirm the vehicle was rented to the assenger I asked him to produce his license and the rental agreement.

Officer Gardner arrived on scene as my backup. Due to the fact the operator had no positive entification and stated she had no license I asked her to exit the vehicle. She complied and after a

4

Ref: 06-953-AR

Entered: 05/02/2006 @ 1041 Entry ID: 3178
Modified: 05/02/2006 @ 1041 Modified ID: 3178
Approved: 05/02/2006 @ 1042 Approval ID: 3178

at search for weapons I secured her in my cruiser. I walked back to the vehicle and Officer Gardner nd I approached the passengers window. While walking behind the vehicle the front seat passenger ʼas making furtive movements to his left and turning around, as if he was trying to hide something nderneath him. I observed the front seat passenger to be sweating profusely. Tonight at 0100 hours was approximately 40 degrees outside. For the passenger to be sweating this much it was unusual. he passenger had increased respiration and I observed his chest to be moving up and down rapidly.

Due to his furtive movements and his extreme nervousness I asked the passenger to exit the ehicle. The passenger began to move for the floor board and Officer Gardner quickly grabbed him nd pulling his arm and verbally instructing him to exit the vehicle. The passenger exited the vehicle nd I instructed him to place his hands on his head so I could pat search him. Awer made a quick novement for his left front coat pocket and Officer Gardner and I both secured his hands. I asked wer if there was anything illegal on him and he stated he had marijuana in his front left coat pocket. I reached in Awar's left front pocket where he stated the marijuana was and seized the uspected marijuana. Awer was secured in hand cuffs and placed in the rear of Officer Gardner's ruiser. The glassine bag containing suspected marijuana was secured in my cruiser as evidence.

Sgt. Nelson and Officer Crowley arrived on scene as backup. The back seat passenger who as identified as Lashon Simmons dob 06/27/75 was asked to exit the vehicle. I pat searched immons and no contraband was found on his person. Due to our location on the highway and the ck of a break down lane due to the construction zone, Simmons was secured in Officer Crowley's ruiser for his safety. I contacted dispatch and advised them I would need a tow truck.

Officer's Gardner, Crowley, Sgt. Nelson and I began a motor vehicle inventory search. In the unk of the vehicle there were approximately five bags containing miscellaneous clothing. Each bag ad many bars of Ivory soap. In a black Ascot bag which was located against the rear seat Sgt. elson located a Food Saver Rolls bag which was vacuum sealed. Inside the bag was many smaller ags containing suspected crack cocaine. It is believed the soap was being used to mask the smell of e crack cocaine. Sgt. Nelson immediately seized the suspected crack cocaine and it was secured in y cruiser. Inside the Ascot bag was a Prada bag which contained numerous repair invoices for a 98

Entered: 05/02/2006 @ 1041 Entry ID: 3178
Modified: 05/02/2006 @ 1041 Modified ID: 3178
Approved: 05/02/2006 @ 1042 Approval ID: 3178

and Rover. The documents had Kent Awer as the owner of the vehicle. In the center console two lassine bags containing tobacco leaves were seized. The bags were very similar in size and shape s the one which was seized from his Awer's coat. Three cellular phones were seized from Awar at ıat time.

All Mobile Towing arrived at our location and towed the vehicle to the rear lot of the police :ation. I transported Dianikqua Johnson, Officer Gardner transported Awer, and Officer Crowley ansported Simmons. At the station Kent was strip searched according to department policy by fficer Gardner. Officer Gardner asked Kent to lean over and he seized a glassine bag containing ıspected crack cocaine from Kent buttocks. The bag was immediately seized as evidence.

Officer Rebecca Nadeau from the Pawtucket Police Department arrived at location. Officer adeau found no contraband on her person. Johnson was issued traps 129, secured in cell B1, and ad no cash on her person. Officer's Lundstrom and Collins booked and processed Lashon Simmons. immons was strip searched and no further contraband was found. Simmons was issued traps 126, ecured in cell B3, and had $373.15 on his person.

At the station the suspected marijuana was field tested with NIK test kit Lot #16999 part #7608 ıd tested positive as marijuana. The suspected crack cocaine which was seized from Awer buttocks as field tested with NIK field test kit Lot #116884 part #7613 and tested positive for cocaine. I cut ›en the vacuum packed bag and field tested one piece of suspected crack cocaine with NIK test kit ›t #116884 part #7613 and that also tested positive. All of the evidence was secured in a BCI locker.

Awer had three phones on the front seat where he was sitting. 2 T MOBILE Motorola cellular ıone and a Sprint Cellular Phone. We also seized $8.26 from Awar's person. From Johnson's ›rson we seized a boost mobile phone, 5 gold rings, 4 gold bracelets, 2 nipples rings, 1 belly button ıg, an eye ring, 2 ear rings. From Simmons we seized a blackberry nextel phone, a Citizens' watch, gold necklace, $373.15 cash, 2 Gold ear rings, 3 gold rings, and a gold bracelet. All of the above ms were seized as evidence and stored in a BCI locker.

NARRATIVE FOR PATROLMAN ANDREW D DUBOIS

Ref: 06-953-AR

| | | | |
|---|---|---|---|
| Entered: | 05/02/2006 @ 1041 | Entry ID: | 3178 |
| Modified: | 05/02/2006 @ 1041 | Modified ID: | 3178 |
| Approved: | 05/02/2006 @ 1042 | Approval ID: | 3178 |

I request this case be forwarded to vice. I request the large bag of crack cocaine to be ıgerprinted. Johnson was issued District Court summons 05404013465 for Driving without a license ıd driving in possession of a controlled substance. She was also issued RITT summons 5404013466 for driving 68 MPH in a 50 MPH zone.

Patrolman Andrew D Dubois 05/02/2006

NARRATIVE FOR PATROLMAN FLOYD GARDNER JR.

Ref: 06-952-AR

Entered: 05/02/2006 @ 0539 Entry ID: 4595
Modified: 05/02/2006 @ 0651 Modified ID: 4595

# OFFICER WITNESS STATEMENT

On 5-2-06 at about 0115 hrs, I responded to I195 East, prior to exit #8, to backup Officer Dubois who was conducting a motor vehicle stop. Upon arriving at the motor vehicle stop, I activated my emergency lights and maneuvered my cruiser behind Officer Dubois cruiser. Officer Dubois was at that time, at the driver side of the vehicle speaking with the driver. As I approached the vehicle, Officer Dubois informed me that the driver, later identified as Dianikqua (3-6-85), did not have a license or proof of identification on her. Officer Dubois then asked Johnson to exit the vehicle and walk to the vehicle's rear. Officer Dubois then conducted a pat search of Johnson's outer garments and then placed her in the rear seat of his cruiser.

During the pat search of Johnson, I noticed that the vehicle's front seat passenger was making furtive movements and appeared to be trying to retrieve or conceal something. Officers approached the front passenger side of the vehicle and Officer Dubois asked the front passenger, later identified as Kent Awer (3-14-75) to exit the vehicle. Awer continued to try to reach for something on the left side of his seat. At that point I grabbed Awer by the arm and removed him from the vehicle. While exiting the vehicle Awer dropped what appeared to be tobacco rolling papers on the ground near the passenger side door. I told Awer to leave what he had dropped on the ground. Awer attempted to retrieve the fallen paper after I instructed him to move to the rear of the vehicle and I had to escorted him by the arm to the rear of the vehicle. At the rear of the vehicle Awer was asked to place his hands on his head so he could be pat searched for officer safety because of his erratic behavior. Awer made a sudden movement with his hands toward one of the pockets on the side of his jacket. Officers secured Awer's hands behind his back. Officer Dubois then asked Awer if he had anything illegal on his person. Awer stated, "I have marijuana in my pocket." Awer was subsequently searched and Officer Dubois removed a plastic bag from Awer's front left pant pocket. The plastic bag contained what appeared to be through my training and experience as a police officer, marijuana. Awer was secured with hand cuffs and then placed in the rear seat of my cruiser.

Sgt Nelson and Officer Crowley arrived on the scene additional backup. The driver side rear seat passenger, later identified as Lashon Simmons (6-27-75), was asked to exit the vehicle. Simmons was also pat searched for officer safety. Simmons was placed in the rear of Officer Crowley's cruiser while Officers conducted a search of Awer's vehicle per department policy and incident to arrest. Sgt. Nelson and I searched the trunk area of the vehicle. The truck contained several bags with clothing and personal care items. It also contain numerous bars of soap. Sgt. Nelson and I thoroughly searched each of the bags in trunk of the vehicle. Sgt. Nelson located a black over night bag near the driver side rear passenger seat. Upon searching the bag, Sgt. Nelson discovered a large vacuum sealed plastic bag containing what I suspected to be through my training as and experience, crack cocaine.

The bag appeared to contain numerous bags of individually pack baggies of crack cocaine. The bag was seized at that point and secured in the front seat of Officer Dubois cruiser.

A further search of the black over night bag revealed paper work with Kent Awer's name on it. The black bag was then seized as evidence. The vehicle was towed to the station by AMT Towing and all parties were transported to the station. At the station, Awer and Johnson were processed in the cell block. Because of the past and current drug charges I strip searched Awer in the finger printing room with Sgt. Nelson as a witness. During the strip search I discovered a small bag of suspected crack cocaine hidden between Awer's buttocks. I had Awer remove the bag of crack cocaine from his buttocks and place it in my gloved hand. I seized the bag of crack cocaine and gave it to Officer Dubois.

Officer Rebecca Nadeau from Pawtucket PD responded to the station and conducted the strip search of Johnson. All parties were then placed in there respective cells. I next assisted Sgt. Nelson as a witness to Simmons who was mirandized prior to his investigation.

#4595

Patrolman Floyd Gardner Jr.05/02/2006