UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION TO SUPPRESS DEFENDANT'S STATEMENT

NOW comes the defendant, and moves to suppress the statement he was alleged to have given to the East Providence Police on the grounds that the statement was not voluntary as the defendant had not been Mirandized prior to the alleged statement being given. The defendant hereby incorporates by reference the attached Memorandum of Law In Support Of Motion To Suppress.

KENT AWER,
By his attorney,

/s/ EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

## CERTIFICATION

I hereby certify that I caused a copy of the within to Sandra R. Beckner, AUSA by way of ECF case filing on January 31, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SUPPRESS DEFENDANT'S STATEMENT

_____The defendant has moved to suppress the statement he was alleged to have given to the East Providence Police on the grounds that the statement was not voluntary as the defendant had not been Mirandized prior to the alleged statement being given. The defendant denies that he was given his rights as required under Miranda v. Arizona, 384 U.S. 436 (1966). A copy of a summary of the statement is attached hereto. No written Miranda warning form was used by the police in this case. As stated by the United States Supreme Court in Miranda:

> [s]ince the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders.
>
> 384 U.S. at 475.

While the officer claims that Mr. Awer was Mirandized, no form was signed. The statement cannot be admitted consistent with Miranda, supra. See

also Tague v. Louisiana, 444 U.S. 469 (1980). For all of these reasons, the statement allegedly provided by this defendant must be suppressed.

KENT AWER,
By his attorney,

/s/ EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to Sandra R. Beckner, AUSA by way of ECF case filing on January 31, 2007.

/s/ Edward C. Roy, Esquire