**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-061S** |
| | : | |
| **KENT AWER** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO SUPPRESS**

**INTRODUCTION**

The defendant contends that the Court should suppress his statements to law enforcement because they were obtained in violation of the Fifth Amendment of the United States Constitution. The defendant's arguments are without merit.

**FACTS**

On May 2, 2006, Patrolman Andrew D. Dubois with the East Providence Police Department (EPPD) stopped the defendant's rental vehicle for speeding and switching lanes. Dianikqua Johnson was driving the vehicle; the defendant, Kent Awer, was riding in the front passenger seat; and Lashon Simmons was riding in the back seat.

As a result of that traffic stop, the defendant was arrested and the vehicle searched[1]. In the trunk of the rental vehicle the officers found five bags. Each bag contained bars of Ivory soap, a technique commonly employed by narcotics traffickers to mask the scent of the narcotics. Inside one bag, the officers found a vacuum sealed bag containing numerous small baggies of

[1] The Fourth Amendment issues surrounding the traffic stop have already been litigated.

crack cocaine packaged for distribution. In that same bag, officers found paperwork belonging to the defendant. The officers also seized three cellular phones from the defendant. The crack cocaine seized was later sent to the laboratory where it was determined to contain cocaine base and weigh 531.2 grams.

All three individuals were taken to the police station. At the station, Detective Chris Francesconi advised the defendant of his Fifth Amendment rights. The defendant told Detective Francesconi that he understood his rights, and he agreed to speak with detectives. During this interview, among other admissions, the defendant stated that he purchased the crack cocaine in New York. He told detectives he could buy one or two kilograms of powder cocaine at a time from his source of supply.

The defendant now moves to suppress these statements arguing that his confession was involuntary because he was never advised of his Miranda rights. He claims that because there was no written waiver his statements cannot be used.

**ARGUMENT**

The defendant cites to no law, nor is the government aware of any, that requires a waiver of Fifth Amendment rights to be in writing. To the contrary, while "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver . . . it is not inevitably either necessary or sufficient to

establish waiver." See North Carolina v. Butler, 441 U.S. 369, 373 (1979). "The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case." Id.; see United States v. Turner, 926 F.2d 883, 888 (9th Cir. 1991) (written waiver not required).

To prove that the defendant's statements were voluntary, the government must prove by a "mere preponderance of the evidence, that there was a valid waiver [of the defendant's Fifth Amendment rights]." United States v. Rojas-Tapia, 446 F.3d 1, 5 (1st Cir. 2006); see United States v. Palmer, 203 F.3d 55, 62 (1st Cir. 2000). Not only is it unnecessary that the waiver be in writing, the waiver need not even be express; in fact, a waiver of Fifth Amendment rights may be implied from the circumstances. See Bui v. DiPaolo, 170 F.3d 232, 240 (1st Cir. 1999) (discussing express and implied waivers of the Fifth Amendment); United States v. Smith, 218 F.3d 777, 781 (7th Cir. 2000) ("waiver may be inferred from the defendant's conduct, even when she has refused to sign a waiver form").

In this case the defendant expressly waived his right to remain silent, and engaged in a conversation with Detective Francesconi. Detective Francesconi advised the defendant of his Miranda rights and asked the defendant if he understood. The defendant stated that he did. Detective Francesconi then stated,

"I'm going to ask you some questions, are you alright with that?" Once again, the defendant assented. Detective Francesconi questioned the defendant about the crack cocaine seized from his bag and the defendant answered his questions, thereby incriminating himself. The defendant told the detectives about his cocaine supply and informed them that his supplier did not cook the crack. The detectives then asked the defendant where the cocaine was cooked. At that time, the defendant indicated that he no longer wanted to speak with detectives and the interview ceased.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's motion to suppress.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
sandra.beckner@usdoj.gov

CERTIFICATION

On February 8, 2007, I caused the within "Government's Response to Defendant's Second Motion to Suppress" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj