UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION IN LIMINE TO DETERMINE ADMISSIBILITY OF STATEMENTS OF DECEDENT UNDER F.R.E. 804(b)(3)

The defendant, Kent Awer, files this motion in limine requesting that the Court make a determination of the admissiblity of testimony of witnesses which would contain admissions against interest of Dianikqua Johnson, now deceased, which would tend to exculpate Mr. Awer. In further support of this motion, the defendant hereby incorporates by reference the attached memorandum of law.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
Federal Public Defender Office
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281 (401) 528 - 4285 fax
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 8th day of March, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
TO DETERMINE ADMISSIBILITY OF
STATEMENTS OF DECEDENT UNDER F.R.E. 804(b)(3)

The defendant, Kent Awer, has filed this motion in limine requesting that the Court make a determination of the admissiblity of testimony of witnesses which would contain admissions against interest of Dianikqua Johnson, now deceased, which would tend to exculpate Mr. Awer.

1. Substance Of Statements Sought To Be Admitted

Dianikqua Johnson, now deceased, was driving the vehicle in which Kent Awer was a passenger when the vehicle was stopped by the East Providence Police Department. Approximately 583 grams of cocaine based were seized as a result of the stop. The defendant is charged in this case with the possession of the cocaine base with the intent to distribute.

Tragically, Ms. Johnson was murdered in the State of Pennsylvania in November of 2006. As such, Ms. Johnson is unavailable within the meaning of

F.R.E. 804(a)(4). Since Ms. Johnson's death, defense counsel has become aware that she made statements to certain individuals in which Ms. Johnson admitted the ownership of the drugs with which Mr. Awer has been charged in this case. Ms. Johnson also professed to these witnesses that Mr. Awer knew nothing of the drugs and that she alone was responsible for the drugs. Ms. Johnson also signed a written statement professing that she alone was responsible for the drugs.

2. Ms. Johnson's Statements Against Interest Are Admissible Under F.R.E. 804(b)(3)

Defense counsel desires that the Court hold an evidentiary hearing at which time the three witnesses could testify before the Court as to the substance of the statements and the circumstances surrounding the making of these statements. Such a hearing is necessary as F.R.E. 804(b)(3) requires as a prerequisite to the admissibility of such statements that

> [a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Federal Rules of Evidence, Rule 804(b)(3)

The Court cannot make an 804(b)(3) analysis in a vacuum. An evidentiary hearing must be held in order for the Court to determine if the statements are in

fact trustworthy. Defense counsel anticipates calling three brief substantive witnesses as well as Federal Defender Investigator Daniel Fortier, who interviewed the witnesses. Defense counsel is, however, investigating two other witnesses to whom Ms. Johnson made the same admissions. Defense counsel will introduce one document and possibly one or two additional documents relating to the substance of the statements made by Ms. Johnson. In addition, defense counsel is in possession of an arrest warrant affidavit issued in connection with the prosecution of the person charged with Ms. Johnson's murder in Jefferson County, Pennsylvania. The arrest warrant affidavit would be submitted for the limited purpose of establishing Ms. Johnson's death.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
Federal Public Defender Office
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281 (401) 528 - 4285 fax
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 8th day of March, 2007.

/s/ Edward C. Roy, Esquire