EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| USA | CRIMINAL ACTION 06-061S |
| VS. | OCTOBER 31, 2006 |
| KENT AWER | PROVIDENCE, RI |

HEARD BEFORE THE HONORABLE WILLIAM E. SMITH

DISTRICT JUDGE

(MOTION TO SUPPRESS)

APPEARANCES:

FOR THE GOVERNMENT: SANDRA BECKNER, ATTY.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: EDWARD C. ROY, ESQ.
Federal Public Defender's Office
10 Weybosset St.
Providence, RI 02903

Court Reporter: Anne M. Clayton, RPR
One Exchange Terrace
Providence, RI 02903

Proceeding reported and produced by computer-aided stenography

THE COURT: Well, all right. Is there any objection by the Government to a continuance?

MS. BECKNER: Yes, your Honor. May I be heard on this?

THE COURT: Sure.

MS. BECKNER: The Government objects for several reasons, your Honor. First of all, Mr. Roy has had this case for several months and has had ample opportunity to do this, but, more importantly, this is not relevant to the proceedings at hand and my --

THE COURT: Credibility isn't relevant? How's that?

MS. BECKNER: I don't see how this bears on whether or not the defendant was speeding, or the defendant's vehicle was speeding or whether or not Patrolman Dubois and Patrolman Gardner were correct in having a reasonable suspicion that the defendant had a weapon on him. And furthermore, I would say my recollection of the testimony was that Patrolman Dubois said that the motorist, meaning Ms. Johnson signed the ticket.

Now, there is no evidence at all, because Ms. Johnson has not been called to the stand and has, in fact, been sitting in the courtroom all morning, that she did not sign the ticket. But more than that,

if the ink is the same. So if you had the same ink as the original part of the ticket, and a different signature, an inference might be, then, that -- I'm not saying Officer Dubois is dishonest or a liar. I'm not like that, Judge, as the Court knows, but I feel that I owe this defendant the best defense possible. And if it was the same ink for some reason, then I think the Court can make an inference about his credibility, if it was. And if it isn't, then I'll tell Ms. Beckner and I'll rest. But a handwriting expert does more than compare squiggles on a paper, Judge.

THE COURT: So you're going to ask the handwriting expert then to compare this signature and the ink and so forth to something that Officer Dubois has created, is that what you're saying?

MR. ROY: Yes, your Honor. Also, Officer Dubois testified that he filled the ticket out, so obviously, there's ink that came from him according to his testimony on the ticket.

And the other point, your Honor, in terms of me not putting Dianekqua Johnson on, there's really two thoughts on that. First of all, under the Rules of Evidence, an expert can rely on things that are not admissible in court, if that's commonly relied upon. For instance, an exemplar, that kind of thing.

In addition, Judge, she's represented by counsel, Judith Crowell, who is not here. She has state court charges relating to this incident, and I wouldn't put her on without Ms. Crowell being in the building and okaying it. And I can tell the Court that Ms. Crowell and I discussed it, and Ms. Crowell did not want her to testify, and I sort of concurred in that. It's not that I don't want to put her on. I really can't put her on. But, again, I think that if we look at this as a search for the truth, find out what really happened, then the handwriting expert can either assist us or not place us in any worse position than we are right now.

In terms of the delay, Kent Awer's been in jail the entire time of the delay. He's willing to stay in jail longer, so to speak, to have the Court determine what really happened here.

He's the one that's most prejudiced by a delay, and he's not complaining about that.

THE COURT: Right. Let's assume you obtain this handwriting expert, then your intent would be to what, submit a report or to call her as a witness? I assume you're going to call her as a witness to give the Government a chance to cross-examine her, but --

MR. ROY: Of course.

# C E R T I F I C A T I O N

I, Anne M. Clayton, RPR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Anne M. Clayton

Anne M. Clayton, RPR

Nov. 17, 2006

Date