UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

DEFENDANT'S OBJECTION TO GOVERNMENT'S
RULE 404(b) NOTICE

NOW comes the defendant, and objects to the government's Rule 404(b) notice filed on March 25, 2007. In further support of this objection, the defendant states the following:

1. The Government's Proposed Evidence Represents A Misuse Of Rule 404(b).

The proffered reasons for the government's use of Rule 404(b) evidence in this case demonstrate that the government seeks to introduce the evidence as part of its case in chief. The government attempts to justify its use of 404(b) evidence by alleging:

> "Based upon discovery provided by defense, the government anticipates that the defendant may claim a lack of knowledge of the narcotics seized from his rental vehicle. Likewise, by entering a plea of not guilty, the defendant raised the issue of his motive and intent to distribute the narcotics. "

Gov't. Notice Pursuant To Fed. R. Evid. 404(b), at 1.

Rule 404(b) of the Federal Rules of Evidence allows for the admission of evidence of other crimes for limited purposes. Rule 404(b) states in pertinent part

> " **(b) Other crimes, Wrongs, or Acts.**-Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.... "

Fed. R. Evid. 404(b)

Under the logic espoused by the government, in every case where a defendant is charged with a drug trafficking offense and has a prior criminal record, or an unrelated pending criminal charge, the government may introduce evidence of the record or of the pending criminal charge simply because the defendant has pled not guilty. The government's position is completely illogical in view of the plain language of Rule 404(b).

Clearly, the government seeks to put into evidence the defendant's three prior convictions and evidence of a pending, undisposed drug case to show that the defendant had knowledge of the drugs in the rental car. Knowledge is one of the elements of a charge of possession of a controlled substance with intent to distribute. See First Circuit Criminal Pattern Jury Instr. § 4.21.841 . It follows then that the government seeks to introduce the proffered evidence to show that, because the defendant was previously convicted of drug possession, he was in

possession in this case because he had knowledge. In other words, because the defendant has a drug-related conviction, he is a drug distributor in this case. The government's proposed use of Fed.R. Evid. 404(b) evidence in this case is a classic example of using evidence of bad character to show that a person acted in conformity with that bad character in the offense alleged in the indictment.

In United States v. Lynn, 856 F. 2d 430, 436-437 (1st Cir. 1988), the Court of Appeals for the First Circuit reversed a marijuana trafficking convictions as a result of the improper admission of the defendant's prior marijuana conviction. In Lynn, the First Circuit stated,

> there must be some articulable inference for the jury to draw from the previous offense other than that the defendant had the bad character and therefore more probably had the intent to commit the crime he is now charged with. . . . The ordinary inference here would seem very close to the inference the Rule was designed to avoid. [footnote ommitted] Any nonpropensity thread is attentuated by the fact that the previous crime took place six years before and involved different participants.
>
> 856 F. 2d, at 436.

2. The Notice Is Deficient As To The Prior Convictions

The notice provided by the government is deficient in that is impossible, based on the sketchy details provided, to determine if any of the three prior convictions a) involve the same defendant; or b) involve similar conduct. It is

impossible to determine if the prior convictions in fact show a pattern. Defense counsel would note that two of the proffered convictions involve possession of a controlled substance. The mere possession of a small amount, without an intent to distribute, would not tend to prove knowledge or intent in this case, which involves an amount of cocaine base in excess of 580 grams.

(A) The Prior Convictions Are Too Remote In Time

The three convictions are remote in time when compared to the instant case. Two of the convictions are for possession of a controlled substance and took place some eleven years prior to the incident charged in the indictment. The remaining conviction took place some seven years prior to the facts of this case. These convictions are too remote in time to use against the defendant.

(B) The Two Convictions For Possession Of A Controlled Substance Are Too Dissimilar To The Instant Offense And Are Prejudicial And Only Minimally Relevant Under Fed. R. Evid. 403

In responding to the government's 404(b) Notice, defense counsel attempted to determine the nature of the statutes involved in the two possession cases listed in the notice. The first notice, in paragraph 2, is alleging that the defendant was convicted of Criminal Possession of a Controlled Substance in the Third Degree, in violation of Section 220.16 of the New York Penal Law.

An examination of the statute reveals that the statute punishes the crime of

possessing with intent to sell certain controlled substances. The statute also punishes the mere possession of certain other controlled substances. Based upon what is contained in the notice, it is impossible to determine what substance was possessed and in what amount. (A copy of the current edition of Section 220.16 of the New York Penal Law is attached hereto as Exhibit A).

The same situation exists with respect to the conviction charged in paragraph 3, Possession of a Controlled Substance in the Fourth Degree. The statute, Section 220.09 of the New York Penal Law does not require that a person possess the controlled substance with the intent to sell. ( A copy of the current edition of Section 220.09 is attached hereto as Exhibit B).

Rule 403 of the Federal Rules of Evidence allows for the exclusion of relevant evidence if the "probative value" of the evidence "substantially out-weighed" by the potential for "unfair prejudice, confusing of the issues, or mis-leading the jury.." The Court can also consider the potential for delay, waste of time or the presentation of cumulative evidence.

Defense counsel submits that the Government's attempt to present the three convictions and evidence on the pending Rhode Island charge would implicate each of the concerns expressed in Rule 403 of the Federal Rules of Evidence.

3. Notice As To The Unadjudicated Rhode Island Case Is Deficient

Clearly from the details provided by the government, the prosecutor is in possession of details concerning the July 29, 2005 incident. One the merits, the defendant's possession of a half gram of crack cocaine is dramatically dissimilar to the facts of this case. In addition, we know nothing of the circumstances which surround the defendant's statements. Defendant would request full disclosure from the government of the facts and circumstances of the July 29, 2005 incident so that a determination may be made concerning the admissibility of the evidence.

Upon information and belief, four other persons were in the vehicle along with Mr. Awer. If the government introduces evidence concerning this incident, the trial is likely to turn into a mini-trial on the issue of the July 29, 2005 incident. It is likely that the issues in this case would be eclipsed by the July 29, 2005 incident, leading to possible jury confusion. Defense counsel will need time to investigate the other persons who were in the vehicle and possibly call them as witnesses. One of the persons in the vehicle was Dianikqua Johnson. Ms. Johnson is now deceased. There is a pending motion in limine concerning the admissibility of testimony concerning her claiming sole possession of the drugs alleged in this case.

Defense counsel submits that allowing the government to introduce evidence relating to the pending Rhode Island charge would be unduly prejudicial and would involve a substantial amount of time that would certainly increase the

length of trial significantly. Under Rule 403 of the Federal Rules of Evidence, the marginal relevance of this evidence is outweighed by the potential for confusion and delay that would result from its introduction.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281
(401) 528-4285 fax
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to Sandra R. Beckner, AUSA by way of ECF case filing on April 3, 2007.

/s/ Edward C. Roy, Esquire