IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. No. 06-061S
:
KENT AWER :

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The defendant filed a motion in limine to exclude evidence of the defendant's prior drug dealing. The government maintains that such evidence is probative of the defendant's knowledge, motive, and intent to distribute the crack cocaine seized from his suitcase.

FACTS

The defendant's motion was filed in response to the government's notice that it would seek to introduce the following evidence:

1. On February 17, 1999, the defendant, Kent Awer, was convicted of Criminal Sale of a Controlled Substance in the Third Degree, in violation of Section 220.39 of the New York Penal Law, in Broome County New York, Case No. 99-0117;

2. On December 8, 1995, the defendant, Kent Awer, was convicted of Criminal Possession of a Controlled Substance in the Third Degree, in violation of Section 220.16 of the New York Penal Law, in Broome County, New York, Case No. 95-697. The

defendant was paroled on this charge on December 12, 1996. His parole was revoked on August 1, 1997 and September 8, 1999;

3. On April 3, 1995, the defendant, Kent Awer, was convicted of Criminal Possession of a Controlled Substance in the Fourth Degree, in violation of Section 220.09 of the New York Penal Law, in Broome County, New York, Case No. 94-612;

4. On July 29, 2005, in Tiverton, Rhode Island, the defendant, Kent Awer, possessed crack cocaine with the intent to deliver it and conspired to possess crack cocaine with the intent to deliver. On that date, law enforcement personnel seized approximately 0.5 grams of crack cocaine and $1,086 from the defendant’s person. The defendant was sitting in the passenger seat of the vehicle. Dianikqua Johnson was driving the vehicle. Two men were sitting in the back seat, and one of those men, Theodore Wood, possessed approximately 2 ounces of crack cocaine and was supposed to deliver the crack cocaine to a government informant. Officers also seized $11,690 from the defendant’s vehicle. The defendant admitted that the rental vehicle and the $11,690 were his.

## LAW

Fed. R. Evid. 404(b) is a rule of inclusion not exclusion. See United States v. Zeuli, 725 F.2d 813, 816 (1st Cir. 1984). In the First Circuit, evidence of prior narcotics involvement is

often admissible pursuant to Fed. R. Evid. 404(b) to prove knowledge and intent in a drug trafficking case. See United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) ("[W]hen charges of drug trafficking are involved, this court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent."); United States v. Garcia, 983 F.2d 1160, 1173 (1st Cir. 1993) (admitting evidence of a prior arrest for cocaine dealing in a trial involving a charge of possession with the intent to distribute); United States v. Hadfield, 918 F.2d 987, 995 (1st Cir. 1990) (affirming the district court's decision to admit the defendants' prior drug convictions because such convictions were probative of knowledge, intent and the working relationship between defendants); United States v. Rubio-Estrada, 857 F.2d 845, 848-49 (1st Cir. 1988) (evidence of a prior drug conviction admissible in a trial for possession of cocaine with the intent to distribute).

The determination of when such prior bad act evidence is admissible involves a two step inquiry: (1) whether the evidence is especially probative of an issue in the case such as knowledge or intent without including propensity as a necessary link in the inferential chain, and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. See United States v. Houle, 237 F.3d 71, 77 (1st Cir. 2001) (admitting evidence in a drug trafficking case that the defendant

agreed to provide security for the collection of a gambling debt four days after agreeing to provide security for a cocaine shipment); Garcia, 983 F.2d at 1172.

By entering a plea of not guilty, a defendant in a narcotics case places his intent at issue. See Garcia, 983 F.2d at 1175 (absent a sufficient stipulation by the defendant, knowledge and intent remain at issue); United States v. Ferrer-Cruz, 899 F.2d 135, 138-39 (1st Cir. 1990) (defendant's mere presence defense placed his knowledge and intent at issue); Houle, 237 F.3d at 77 & n.2 (plea of not guilty in a conspiracy case renders the defendant's intent a material issue); Zeuli, 725 F.2d at 816 (same). In fact, the defense of "mere presence," as the defendant in this case asserts, squarely raises the issue his knowledge and intent. See Ferrer-Cruz, 899 F.2d at 139; see also United States v. Thomas, 58 F.3d 1318, 1322 (8th Cir. 1995) ("When a defendant raises the issue of mental state, whether by a 'mere presence' defense that specifically challenges the mental element of the Government's case or by means of a general denial that forces the Government to prove every element of its case, [Rule 404(b)] evidence is admissible because mental state is a material issue.").

ARGUMENT

In this case, the defendant has placed his knowledge, intent and motive at issue. He does not dispute that the half kilogram of crack cocaine was in his rental vehicle and that he was in the vehicle. Instead he appears to be asserting a "mere presence" defense, arguing that he had no knowledge of the drugs concealed within his suitcase. In fact, while the defendant has not specifically told the government his defense, the alleged statements of Ms. Dianikqua Johnson the defendant seeks to admit, directly assert that the defendant had no knowledge over the drugs Ms. Johnson allegedly placed within the defendant's suitcase.

Although the defendant has by no means acquiesced that he was in possession of the crack cocaine, constructive possession exists when the defendant has both the power and the intention to exercise control over something. See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1); Garcia, 983 F.2d at 1164. In light of the defendant's personal documentation and the men's clothing contained within the suitcase, it seems unlikely that the defendant will be able to dispute that he had the power to exercise control over an item contained within that suitcase, in his rental vehicle, while he was present. His intent to exercise control over the narcotics, however, remains in question.

To prove the defendant's knowledge, intent and motive the government seeks to introduce the defendant's prior narcotics convictions and evidence of the defendant's participation in a prior drug sale. Recently, the First Circuit affirmed the use of such evidence in United States v. Landrau-Lopez, 444 F.3d 19, 24 (1st Cir. 2006). In that case, the critical issue was the defendant's knowledge of the contents of duffel bags containing cocaine, and the Court held that evidence of the defendant's cocaine smuggling and cocaine storage was admissible to prove that he knew that cocaine was in the duffel bags he loaded onto a plane. See id. at 23-24.

In this case, the defendant's convictions[1] are evidence of the defendant's knowledge and intent because a jury could easily infer that an individual with prior experience with narcotics would know how to conceal drugs so as to avoid detection. The evidence in this case is that the crack cocaine was inside the defendant's suitcase and the bags in the trunk contained bars of Ivory soap, a product used to mask the smell of narcotics.

Likewise, an individual with narcotics experience would know the advantages of using a rental vehicle when transporting drugs

[1] The defendant has a 1999 conviction for sale of crack cocaine stemming from his involvement in a crack cocaine conspiracy in Binghampton, New York. The defendant has a 1995 conviction for possession of a controlled substance in the third degree which involves an intent to distribute or the possession of a specific quantity of narcotics, and another 1995 conviction for possession of a controlled substance.

to hinder surveillance and avoid forfeiture. In this case, the defendant rented the vehicle used for transporting the crack cocaine. This suggests that the defendant had knowledge of the crack cocaine contained in his suitcase, and was not merely along for the ride.

The defendant blames Ms. Johnson for the crack cocaine contained within his suitcase maintaining that she placed it in his bag and he merely gave her a ride to New England from New York City. Yet, given the large quantity of crack cocaine, the manner in which it was packaged, and the distinctive appearance of the drug, the defendant's prior convictions suggest that he would know what the crack cocaine was and not believe that the drug was some innocent personal item of Ms. Johnson's. See Rubio-Estrada, 857 F.2d at 849-48 (a person previously convicted of cocaine distribution is more likely than one not so convicted to know the significance of scales, ledgers, powder, and cash).

Most significantly, however, the prior narcotics convictions "permissibl[y] suggest[] that [the defendant] knew about drugs and drug possession" refuting his defense of mere presence. Ferrer-Cruz, 899 F.2d at 138; see United States v. Nickens, 955 F.2d 112, 124-25 & n.7 (1st Cir. 1992) (admitting a prior conviction to prove the defendant knew the suitcase contained cocaine and recognizing that United States v. Lynn, 856 F.2d 430 (1st Cir. 1988), the only case cited by defense counsel in his

motion in limine, is contrary to the majority of First Circuit case law).

Similarly, the defendant's July 29, 2005 arrest for possession of crack cocaine with the intent to deliver it and conspiracy to possess crack cocaine with the intent to deliver is probative of the defendant's knowledge and intent for the reasons already explained. That arrest occurred under similar circumstances to this case. The defendant once again had rented a vehicle, which Ms. Johnson was driving. The defendant possessed crack cocaine on his person, and admitted to possessing over $11,000 of cash stored in the vehicle. Finally, another passenger, Theodore Wood, possessed approximately 2 ounces of crack cocaine and was scheduled to meet an informant to sell that crack cocaine. All of this is strongly suggestive of the defendant's knowledge of the crack cocaine hidden in his rental vehicle on this occasion.

Moreover, it shows a relationship between the defendant and Ms. Johnson, the individual the defendant seeks to blame. See Landrau-Lopez, 444 F.3d at 24. The 2005 arrest could also be used by the jury as evidence of the defendant's modus operandi; that is, the defendant does not carry a large quantity of crack cocaine on his person and travels with others to shield himself from criminal responsibility.

For all of the reasons stated, the probative value of the defendant's prior bad acts is significant given the factual issues in dispute. "[S]uch evidence should be excluded under Rule 403 only when its probative value is substantially outweighed by its potential unfairly to prejudice the defendant." Landrau-Lopez, 444 F.3d at 24. Because the prior drug convictions and the prior narcotics arrest refute the central issue in the case, their probative value is not outweighed by any danger of prejudice.

Although the defendant complains about the age of the convictions, according to the pretrial report his parole was revoked in 1997 and again in 1999 with respect to his second drug conviction, and he was released from prison on June 4, 2002 with respect to his third drug conviction. The defendant's parole is not due to expire until February 28, 2009. Over the last 10 years, the defendant has had narcotics related arrests every few years. In other words, his narcotics involvement has been continuous over the last decade.

Furthermore, any danger of prejudice can be addressed by the Court in its instructions to the jury diminishing the likelihood that the jury would misuse the evidence. See Hadfield, 918 F.2d at 995 (considering the district court's jury instructions in weighing the potential prejudice of the defendant's prior convictions); Garcia, 983 F.2d at 1173 (recognizing that 404(b)

covers prior acts as well as convictions and finding that the probative value of the prior drug arrest was not substantially outweighed by the prejudice of such evidence, especially in light of the district court's limiting instructions).

CONCLUSION

Based on the foregoing, the government respectfully requests that the Court allow the government to introduce evidence of the defendant's prior narcotics convictions and arrest.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On April 6, 2007, I caused the within "Government's Response to Defendant's Motion in Limine" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Edward C. Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov