UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION TO RECONSIDER
DECISION DENYING MOTION TO SUPPRESS

_____NOW comes the defendant, Kent Awer, and moves that this Honorable Court reconsider the Court's decision denying the defendant's motion to suppress his statement to the East Providence Police. The Court denied defendant's motion in a bench decision rendered after the hearing, which was held on March 14, 2007. In further support of this motion, the defendant refers to the attached Memorandum of Law in Support of Motion to Reconsider.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Fax: (401) 528 - 4285
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I delivered a copy of the within to Sandra R. Beckner, AUSA by way of ECF filing on the 10th day of April, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER DECISION DENYING MOTION TO SUPPRESS

The defendant, Kent Awer, moves that this Honorable Court reconsider its decision denying the defendant's motion to suppress his statement to the East Providence Police. The Court denied defendant's motion to suppress, filed on Fifth Amendment grounds, in a bench decision rendered after the hearing, which was held on March 14, 2007. The defendant has requested that the Court reconsider its March 14, 2007 order because, at the March 14, 2007 hearing, the defendant first learned that the East Providence Police officer who questioned him knew of a pending Rhode Island drug case, wherein Mr. Awer was represented by counsel. The fact that Mr. Awer was questioned on May 2, 2006 broadly about the facts of the pending Rhode Island case implicated his Sixth Amendment right to counsel. As the East Providence Police did not consult Mr. Awer's attorney prior to interrogating him, the interrogation violated Awer's Sixth

Amendment right to counsel. In addition, evidence emerged in the hearing indicating that there was no valid waiver of Mr. Awer's Miranda rights.

## Factual Background

_____The facts surrounding Mr. Awer's arrest and interrogation are undoubtedly familiar as the court has held two suppression hearings. For ease of discussion, however, counsel will recount some of the testimony adduced at the earlier hearings.

Mr. Awer was arrested at approximately 1:16 a.m. on May 2, 2006 by the East Providence Police Department. Awer was a passenger in a vehicle stopped by the East Providence Police Department. He was arrested after the traffic stop investigation revealed that he possessed a small amount of marijuana. An inventory search of the vehicle leased by Awer revealed over 530 grams of cocaine base. Decision, January 22, 2007 at pp. 3-4. The indictment filed in this case charges Mr. Awer with possession of cocaine base with intent to distribute.

At approximately 9:30 in the morning of May 2, 2006, Detective Francesconi went to the cell where Mr. Awer had stayed and removed him for interrogation in a nearby office. At the March 14, 2007 suppression hearing, Francesconi testified that he read Awer his Miranda rights. Francesconi also

testified that he did not ask that Awer sign a pre-printed Miranda waiver form because, in his experience, when subjects were asked to sign a form they would not talk to him. Tr. 3/14/07 at p. 20. Francesconi never asked Awer if he agreed to waive his Miranda rights. Tr. 3/14/07 at p. 17. Instead, Francesconi told Awer that he was going to ask him some questions and if "he was all right with that." Tr. 3/14/07 at p. 9. Francesoni then asked Awer about his arrangements with his supplier. Tr. 3/14/07 at p. 9. He was asked by Francesconi in what form he bought the cocaine. Tr. 3/14/07 at p. 9. Francesconi's notes from the May 2, 2006 refer to a "7/05" arrest in Tiverton involving two guys and a girl. See Exhibit C attached. Francesconi testified that at the time he interrogated Awer, he was aware that Awer had a pending Rhode Island drug case. Tr. 3/14/07 at p. 14. Francesconi also conceded at the suppression hearing that his written notes made contemporaneously with the interrogation do not mention that Awer waived his Miranda rights. Tr. 3/14/07 at p. 23.

As of May 2, 2006, Mr. Awer had a pending drug case in Newport County, Rhode Island Superior Court, N2/2006-0040A. On July 29, 2005, Mr. Awer, along with three other persons, was arrested in Tiverton, Rhode Island and charged with possession of crack cocaine with intent to distribute, conspiracy to

deliver cocaine and possession of marijuana.[1] One of the persons he was arrested with was Dianikqua Johnson, the driver of the vehicle stopped in this case. After the Newport County information was filed, attorney Steven D. DiLibero entered his appearance for Mr. Awer in that case. According to the entry, Mr. DiLibero entered his appearance in Newport County Superior Court on March 7, 2006.[2] Mr. DiLibero later entered his appearance in United States District Court in this matter on May 15, 2006. See D.E. 3. Mr. DiLibero appeared at the East Providence Police Station on the afternoon of May 2, 2006, prior to Mr. Awer being transported to Sixth Division District Court. [3]

## Argument

### I. Mr. Awer's Sixth Amendment Rights Were Violated, Having Attached As Of The Time The East Providence Police Interrogated Him On May 2, 2006.

The Sixth Amendment to the United States Constitution mandates that "in

---

[1] See attached Exhibit A, face sheet from Newport County Information N2-2006-0040A.

[2] See attached Exhibit B.

[3] Defense counsel has verified this fact in a conversation with Mr. DiLibero and will attempt to supplement this memorandum with an affidavit from Mr. DiLibero and a subpoena for the records of the East Providence Police Department to confirm that DiLibero appeared at the police station on May 2, 2006.

all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." "An accused . . . having expressed a desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication." Edwards v. Arizona, 451 U.S. 477, 484-485 (1981).

In McNeill v. Wisconsin, 501 U.S. 171, 175 (1991), the Supreme Court said that the Sixth Amendment right to counsel is offense specific.

More recently, in Texas v. Cobb, 532 U.S. 162 (2001), the Supreme Court addressed the parameters of the term "offense" as it related to the right to counsel. In defining the scope of "offense" in the Sixth Amendment context, the Supreme Court elected to apply the Blockburger [4] test. Blockburger had been applied to the context of the Double Jeopardy Clause of the Fifth Amendment. The Court commented that an offense need not be formally charged in order for the Sixth Amendment to formally attach. Id.

---

[4] Blockburger v.United States, 284 U.S. 299, 304 (1932) (Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether these are two offenses or only one, is whether each provision requires proof of a fact which the other does not.)

Here, Mr. Awer had an attorney, Steven D. DiLibero, who represented him in a pending state court criminal case. One of the charges in the state court case was conspiracy to distribute cocaine. One of the persons charged in the Newport County case is Dianikqua Johnson, who was the driver of the vehicle stopped by the East Providence Police on May 2, 2006. The attachment of Mr. Awer's Sixth Amendment rights is underscored by the fact that Mr. DiLibero ultimately entered his appearance in the instant case. D.E. 3.

The scope of the interrogation by Detective Francesconi covered the facts of the Newport County case. Francesconi's notes refer to a "7/05" arrest in Tiverton involving two guys and a girl. See attached Exhibit C. In addition, the facts of the Tiverton arrest could conceivably serve as relevant conduct for sentencing in the instant case. See U.S.S.G. § 1B1.3(a)(1)(A) and comment. n. 1.

Detective Francesconi testified at the March 14, 2007 suppression hearing that he was aware that Mr. Awer had a pending Rhode Island case. Tr. 3//14/07 at 14-15. Detective Francesconi interrogated Awer about the Tiverton arrest. Francesconi is affiliated with the Drug Enforcement Administration. [5] According

---

[5] See attached Exhibit D. (Letter from AUSA Beckner to AFPD Roy)

to a police report, the July 29, 2005 arrest was investigated by the DEA. [6] In view of the facts recounted above, the government either knew, or should have known, that Awer was represented by counsel. Because Mr. Awer was represented by counsel in the Newport case, any questioning about the Newport case violated his Sixth Amendment rights. As the statements about the Newport case relate to or overlap the facts of this case, the statements should be suppressed.

In United States v. Harrison, 213 F. 3d 1206, 1211 (9th Cir. 2000), the defendant had retained counsel in connection with California grand jury proceedings which ultimately resulted in charges of drug distribution and murder. After Harrison was indicted, he was arrested in Florida. During the extradition process back to California, Harrison made incriminating statements. The 9th Circuit affirmed the district court's order suppressing the statements, holding that the affirmative act of retaining counsel constituted an assertion of Harrison's Sixth Amendment rights. 213 F. 3d, at 1211.

The 9th Circuit went on to examine the policy reasons underlying its holding.

> We see no reason to ignore a defendant's ongoing representation by counsel merely because that representation began before

---

[6] See attached Exhibit E. Tiverton, RI Police reports from July 29, 2005 arrest.

> indictment. A layperson who retains a lawyer on an ongoing basis during a criminal investigation would certainly expect that the lawyer would continue to provide legal assistance if the government later instituted formal charges arising from the focus of the investigation.
>
> 213 F. 3d at 1213.

While this case is slightly different in that DiLibero was not retained for a Grand Jury investigation, what remains important is that the Drug Enforcement Adminstration was involved in both the Tiverton arrest and the East Providence case. The Tiverton, Rhode Island arrest could serve as relevant conduct for sentencing purposes in the instant case. Awer was interrogated by Detective Francesconi about the July 29, 2005 arrest in an attempt to push Awer to cooperate. DiLibero had entered his appearance in Newport County Superior Court and later entered in this Court. These facts show an ongoing representation such that the government should be charged that it knew, or should have known, of the fact that Awer was represented by counsel.

In view of the fact that Awer's right to counsel had attached, interrogation by the East Providence Police violated the Sixth Amendment right to counsel. As such, suppression of his statement is the appropriate remedy for the Court to order.

## II. Detective Francesconi's Use Of The Deliberate Interrogation Tactic Of Choosing To Not Provide A Written Waiver Form Violated *Miranda*

In Missouri v. Seibert, 542 U.S. 600, 611 (2004), the Supreme Court held that "the mere recitation of the litany [of Miranda rights] does not suffice to satisfy Miranda in every conceivable circumstance." In particular, Miranda is not satisfied where there is "a police strategy adapted to undermine the Miranda warnings. " Id. at 616. In Seibert, the Supreme Court found that Miranda was not complied with where a common interrogation tactic was employed in which an officer questions a suspect, obtains incriminating information and then gives Miranda warnings, leading to a second incriminating statement. The Court ruled that the "warned" second statement must be suppressed.

Here, as in Seibert, police gave Miranda warnings, but did so in a manner deliberately calculated to avoid Awer's invocation of the rights. Detective Francesconi testified explicitly to this. He admitted on cross examination that his personal policy was to not use written Miranda rights forms when interrogating suspects.

> Q. Well, if it was a formal interview, why didn't you use the rights form, sir?
>
> A. Because I find when I first meet the suspect, if the first thing I do is give them a written rights form, they tell me, I'm not signing anything and they no longer wish to speak. So I verbally advise them of their rights.
>
> Tr. March 14, 2007 at p. 20.

Francesconi later testified that his written notes contained no mention that Awer had waived his Miranda rights. Tr. March 14, 2007 at p. 23. Later during cross examination, a very telling exchange occurred between defense counsel and Detective Francesconi.

> Q. It was casual, so casual that you didn't think it was necessary to have him sign the rights waiver form that's a standard for in your police department.
>
> A. No. That's not what I believe, no.
>
> Q. You just didn't have him do it?
>
> A. At that time, no.
>
> Tr. March 14, 2007 at p. 24.

Rather than have Mr. Awer sign an available Miranda rights waiver form, Detective Francesconi testified that: " I told - - I asked him, I said, 'I'm going to ask you a few questions, are you all right with that?' " Tr. 3/14/09 at 9.

The technique of providing oral Miranda rights, rather than in written form is deliberate in the sense of avoiding the invocation of the rights, not inquiring if the defendant waived Miranda, and then questioning the defendant clearly circumvents Miranda. This technique is especially egregious where, as here, one of the goals of the interrogation was to attempt to obtain the defendant's

cooperation.[7]

Francesconi crossed over the line drawn by the Seibert Court in a deliberate attempt to circumvent Miranda. An interrogation tactic that omits a basic form like the rights waiver form is an admitted attempt to avoid the invocation of Miranda rights is an egregious violation of the Sixth Amendment. Detective Francesconi had in his power the ability to ensure that Awer, a) understood; and b) waived his Miranda rights. He deliberately chose to not use a form that he had access to, in order that Mr. Awer not invoke his rights. A decision suppressing Mr. Awer's statements will remedy the constitutional violation here and will have the net effect of encouraging proper interrogation techniques and discouraging the use of potentially deceptive techniques.

## III. The Government Did Not Prove That The Defendant Waived *Miranda*.

In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court stated that the burden to demonstrate waiver where there is no attorney and where interrogation continues is a heavy one, and it will not be presumed simply from the fact that a confession was obtained. Id. at 475. Here, the government has not met its heavy burden. Detective Francesconi never asked if Mr. Awer waived his

[7] Tr. March 14, 2007, at pp. 11-15.

rights. Mr. Awer was only told that he was going to be asked a few questions and asked if he was alright with that.

Francesconi did not ask if Awer intended to give up his rights, nor did he provide him with a written waiver form to execute which signified that he gave up his rights. He acknowledged that nowhere in his interview notes did it state that Awer had waived his rights. Under these circumstances, the fact that Mr. Awer made allegedly incriminatory statements does not supply evidence of a waiver of his rights. Nor can Mr. Awer's nod of his head show waiver because the nodding was not in response to a question about whether he waived his rights. For these reasons, the government has not shown that Mr. Awer waived his Miranda rights.

IV. Conclusion

For the reasons set forth herein, the defendant respectfully urges that the Court reconsider its decision of March 14, 2007 and suppress the defendant's statement to the East Providence Police made on May 2, 2006.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Fax: (401) 528 - 4285
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I delivered a copy of the within to Sandra R. Beckner, AUSA by way of ECF filing on the 10th day of April, 2007.

/s/ Edward C. Roy, Esquire