UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-061S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S THIRD MOTION TO SUPPRESS

The defendant filed his third motion to suppress this time alleging that his Sixth Amendment rights were violated when he was questioned by Task Force Agent[1] (TFA) Chris Francesconi and Investigator Darren Ellinwood on May 2, 2006. He also asks the Court to reconsider its ruling on his second motion to suppress alleging a violation of his Fifth Amendment rights. The defendant's arguments are without merit and his motion should be denied.

FACTS

As the Court is by now well aware, this case stems from a traffic stop conducted in the early morning hours of May 2, 2006. During that stop, officers with the East Providence Police Department seized crack cocaine and marijuana from the defendant's person and a large amount of crack cocaine from the defendant's suitcase.

The officers transported the defendant and the other

---

[1] Defense counsel makes note of the fact in his motion that TFA Francesconi is assigned to the DEA Taskforce. At the time of the May 2, 2006 interview, however, he was an Investigator for East Providence Police Department. TFA Francesconi was assigned to the DEA Taskforce in February 2007.

occupants of his vehicle to the East Providence Police Station, where the defendant was advised of his Miranda rights. Upon being asked by TFA Francesconi, the defendant indicated that he understood his rights by nodding his head up and down. (Transcript, p. 9). TFA Francesconi then stated, "I'm going to ask you a few questions. Are you all right with that?" and the defendant once again nodded his head. (Transcript, p. 9, 16).

At the time the defendant agreed to speak with the officers, he was 32 years old; he was an experienced player in the criminal justice system with three felony convictions; he was not handcuffed or physically threatened; and, he understood his rights well enough to assert them at a later point during the interview. (Transcript, pp. 6, 7, 10, 11).

On cross-examination, defense counsel asked TFA Francesconi whether he was aware of the defendant's pending case in Rhode Island. (Transcript, p. 14). TFA Francesconi said that he knew the defendant had a pending case from his "BCI" (criminal history), but that he was not aware that the defendant had an attorney in that case. (Transcript, p. 14).

Defense counsel also cross-examined TFA Francesconi about his failure to use a written rights waiver. When asked why he did not use a written rights waiver, TFA Francesconi testified "[b]ecause I find when I first meet the suspect, if the first thing I do is give them a written rights form, they tell me, I'm

not signing anything and they no longer wish to speak. So I verbally advise them of their rights." (Transcript, p. 20). He later explained, "[t]ypically, I use [a written waiver] if a defendant is going to give a written statement, then I would use the written waiver." (Trancript, p. 25).

At the conclusion of the hearing, the Court found that the defendant voluntarily waived his rights. In reaching this conclusion, the Court pointed to the defendant's nodding of his head, the non-coercive environment, and the evidence that the defendant understood his rights, including his decision to eventually assert them. (Transcript, pp. 43-46). The defendant in his third motion now reiterates his complaint that his Fifth Amendment waiver was not in writing, and he argues that the interview was in violation of his Sixth Amendment rights in light of the defendant's pending state case arising from events in July 2005.

FIFTH AMENDMENT

As noted by the Court in its ruling, neither the Supreme Court nor the First Circuit has ever held that a written waiver of rights is necessary to prove that the waiver was voluntary. This Court is not the only court to recognize that the Constitution does not require that waivers of constitutional rights be in writing. See United States v. Cardenas, 410 F.3d 287, 296 (5th Cir. 2005); United States v. Miggins, 302 F.3d 384,

397 (6th Cir. 2002); United States v. Turner, 926 F.2d 883, 888 (9th Cir. 1991); see also United States v. Saenz, 474 F.3d 1132, 1136-37 (8th Cir. 2007) (consent can be written or oral); United States v. Montgomery, 390 F.3d 1013, 1017 (7th Cir. 2004) (refusing to require that interrogations be recorded).

The defendant asks the Court to enlarge Miranda by requiring that Fifth Amendment waivers be in writing. The defendant claims that because at one point TFA Francesconi testified that he has found that suspects are less likely to speak with officers when asked to sign a written waiver as opposed to providing an oral waiver, his oral advisement of rights and his request for an oral waiver amounts to an unconstitutional interrogation tactic. The defendant cites to no cases on point.

Instead, the defendant attempts to rely upon the Supreme Court case of Missouri v. Seibert, 542 U.S. 600 (2004). In that case, a plurality of the Court[2] concluded that a practice engaged in by an officer in which he obtained a confession, then advised the suspect of her rights and obtained a waiver, and then questioned the suspect again, did not comply with Miranda. The plurality in Seibert concluded that the mid-stream rights advice was likely to mislead the defendant and deprive her of the knowledge necessary to understand her waiver. See id. at 613-14.

[2] Justice Kennedy filed an opinion concurring in the judgment.

The plurality did not consider the intent of the officer in reaching its conclusion. See id. at 616 & n.6.

Seibert does not govern the outcome of this case. Unlike the case at hand, Seibert involved a failure to warn prior to interrogation. See id. at 605-06. The practice condemned in Seibert did not occur in this case because TFA Francesconi advised the defendant of his rights prior to questioning. In short, there was no Miranda violation in this case.

The defendant asks the Court to find the defendant's waiver involuntary because TFA Francesconi stated that defendants are less likely to waive their rights in writing than they are to waive them orally. Even in Seibert, the plurality did not focus upon the officer's intent. Furthermore, the officer's intent is especially irrelevant where there has been no Miranda violation. For example, suppose an officer, who believes that defendants are more likely to waive their rights when advised orally, records the oral warning, waiver, and interview by a hidden video camera. Under the defendant's rationale, because the officer orally advised the suspect of his rights and believed that the oral advisement was more likely to result in a waiver, the confession should be suppressed. This cannot be. Accordingly, the fact that TFA Francesconi may believe that defendants are more likely to waive their rights orally is not a factor for the Court to consider.

The Court correctly stated the law when it determined that a written waiver is not a necessary prerequisite to a finding of a voluntary waiver. Furthermore, for the reasons already provided by the Court (Transcript, pp. 43-46), the defendant's waiver was voluntary. The defendant is an experienced player in the criminal justice system; he was not in a coercive environment; and, he clearly understood his rights as evidenced by his later decision to invoke.

SIXTH AMENDMENT

The Sixth Amendment right to counsel is offense specific. See McNeil v. Wisconsin, 501 U.S. 171, 175 (1991); United States v. Coker, 433 F.3d 39, 42 (2005). This right "encompasses offenses that, even if not formally charged, would be considered the same offense under the Blockburger test." Texas v. Cobb, 532 U.S. 162, 173 (2001).

Under the Blockburger test, "'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" Id. (quoting Blockburger v. United States, 284 U.S. 299 (1932)). Accordingly, there can be no argument that the charge in this case is the same offense as the charge in the 2005 state case because the charges arise from different acts of the defendant on different days.

The defendant's Sixth Amendment right to counsel had not attached in this case at the time of the May 2, 2006 interview because he had yet to be charged with the drugs found in his possession on that date. See United States v. Shea, 211 F.3d 658, 667 (1st Cir. 2000). Although the defendant had counsel in the 2005 state case, a fact of which TFA Francesconi was unaware (Transcript, p. 14), the defendant's Sixth Amendment right in existence at the time of the interview was specific to the 2005 state case. See McNeil, 501 at 175; Coker, 433 F.3d at 47; Shea, 211 F.3d at 667.

The defendant argues that because TFA Francesconi's notes referenced the 2005 state case the defendant's Sixth Amendment rights were violated. This argument misconstrues the defendant's Sixth Amendment rights in this case. As a preliminary matter, the government does not intend to introduce any statement of the defendant to TFA Francesconi regarding the 2005 state case. Moreover, even if the defendant made statements to TFA Francesconi about the 2005 state case, and those statements were deemed inadmissible in the state prosecution because of the defendant's right to counsel, the defendant's statements are nonetheless admissible in this case. See United States v. Bender, 221 F.3d 265, 270 & n.4 (1st Cir. 2000) (concluding that because the Sixth Amendment right is offense specific the same statements can be given differing constitutional status depending

on their relationship to a particular case); United States v. Johnson, 352 F.3d 339, 343-44 (8th Cir. 2004) (holding that although statements obtained in violation of the defendant's Sixth Amendment right with respect to the initial indictment were not admissible in that prosecution, the same statements were admissible against the defendant in her trial on the superseding indictment for different charges).

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the defendant's motion to suppress.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2007, a copy of the within "Government's Response to Defendant's Third Motion to Suppress" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Assistant Federal Public Defendant
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj