UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION TO RE-OPEN HEARING ON DEFENDANT'S MOTION IN LIMINE TO DETERMINE ADMISSIBILITY OF STATEMENTS OF DECEDENT UNDER F.R.E. 804(b)(3)

The defendant seeks leave of court to re-open the evidentiary hearing on the defendant's motion in limine. During oral argument on April 26, 2007, the court inquired as to whether or not Dianikqua Johnson's attorneys had any information to corroborate the statements made my Ms. Johnson in defendant's Exhibits A and B. The court afforded counsel one week to determine if additional evidence would be offered. After the hearing adjourned, defense counsel spoke to Judith Crowell, who was Ms. Johnson's most recent attorney. While Ms. Crowell was unable to disclose what she felt were privileged communications, it does appear that Dianikqua Johnson made statements to Crowell which exculpate Mr. Awer. Accordingly, defense counsel moves for an evidentiary hearing to determine the extent to which the privilege exists, was waived or may be pierced by an order of the court to allow Mr. Awer to defend himself in this case.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 27th day of April, 2007 by way of ECF filing.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

MEMORANDUM IN SUPPORT OF
MOTION TO RE-OPEN HEARING ON DEFENDANT'S MOTION
IN LIMINE TO DETERMINE ADMISSIBILITY OF
STATEMENTS OF DECEDENT UNDER F.R.E. 804(b)(3

As set forth in the body of the motion to re-open, defense counsel has a good faith basis for believing that Dianikqua Johnson made statements to her lawyer, Judith Crowell, which tend to exculpate Kent Awer. The first order of business should the court grant this motion would be to detemine the extent to which a privilege exists, was waived or may be pierced to allow a defendant to defend himself.

The leading case on the issue of the attorney-client privilege where the client is deceased is Swidler & Berlin v. United States, 524 U.S. 399 (1998). While in Swidler, the Supreme Court refused to authorize the production of an attorney's notes, the Court failed to reach the issue of piercing the attorney-client privilege where a criminal defendant's rights hung in the balance. 524 U.S., at

409, n. 3. The issue in Swidler was whether a deceased attorney's notes could be ordered to be disclosed in connection with a grand jury investigation, not a pending jury trial. The defendant maintains that an evidentiary hearing is necessary in order to determine if the privilege may be breached to assist this defendant in defending the charges in this case.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 27th day of April, 2007 by way of ECF filing.

/s/ Edward C. Roy, Esquire