UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION IN LIMINE

______Pursuant to the discussion between counsel for both parties and the court at the hearing on May 7, 2007, the defendant hereby submits the following Supplemental Memorandum In Support Of Motion In Limine.

1. Procedural Background

The defendant filed a motion *in limine* on March 8, 2007 to determine the admissibility of exculpatory statements made by a decedent, Dianikqua Johnson. D.E. 72. The defendant has moved that the court admit Johnson's statements pursuant to Fed. R. Evid. 804(b)(3). On March 28, 2007, the government filed its response in opposition to the motion *in limine*. D. E. 84. On April 18, 2007, the court held a hearing on both the defendant's motion *in limine* and the government's opposition. The court held an additional hearing on April 26, 2007.

After the April 26 hearing, the court discussed with counsel the possibility of inquiring of Dianikqua Johnson's attorneys concerning their knowledge of any statements by Ms. Johnson that would corroborate the statements sought to be introduced. Defense counsel issued subpoenas for attorneys Artin Coloian and Judith Crowell. A hearing was held on May 7, 2007. At the conclusion of the hearing, the court asked for additional briefing on three issues.

2. Factual Background

As it pertains to the motion before the court, the following facts have been testified to at prior hearings held in this case. Dianikqua Johnson was the driver of a motor vehicle in which the defendant was a passenger. The vehicle was stopped by the East Providence Police on May 2, 2006 at approximately 1:10 a.m.. A third person, Lashon Simmons, was a backseat passenger in the vehicle. After the defendant was arrested for possession of a small amount of marijuana, an inventory search of the vehicle revealed over 530 grams of cocaine base in the trunk of the vehicle, which had been rented by Mr. Awer.

The defendant, Ms. Johnson and Mr. Simmons were each charged in state court with possession of the cocaine base. Only Mr. Awer was charged in this court with possession of the cocaine base. Ms. Johnson was represented by two attorneys in state court, Artin Coloian, who was a retained attorney, and, later,

Judith Crowell, who was appointed by the state court. Ms. Crowell was appointed in connection with two matters, the Providence County case which arose from the May 2, 2006 arrest by the East Providence Police Department and a Newport County case based on a July 29, 2005 arrest of Awer, Johnson and two others by the Tiverton Police Department.

After being charged in state court, Ms. Johnson was held at the Women's Division of the Adult Correctional Institution for a period of time. While she was there, Ms. Johnson confided in another female inmate, Lynn Simas, that the drugs with which she and her boyfriend were charged were hers alone. Ms. Johnson further made a written statement attesting that the drugs were hers alone and had the statement notarized by a correctional officer, Lt. Joseph Mullensky. Ms. Johnson also authored, but did not sign, another written statement in which she attested to the fact that the drugs which were seized were hers alone. This second written statement described in greater detail than the notarized statement the events leading up to the drugs being placed in the vehicle by Ms. Johnson. Defense counsel has hired a handwriting analyst, Nancy McCann, to determine if both of the written statements were written by Dianikqua Johnson. At the April 18 hearing, Ms. McCann opined that both of the statements, Exhibits A and B, were written by the same person, Dianikqua Johnson.

Ms. Johnson also had conversations with both Mr. Coloian and Ms. Crowell in which she discussed her claim that the drugs seized on May 2, 2006 were her responsibility alone. [1]

At some point in time, Ms. Johnson returned to New York and, tragically, was the victim of a murder in the State of Pennsylvania in November of 2006.

3. Argument

Initial Comments

The court posed three questions to counsel at the conclusion of the May 7 hearing. First, whether the court could rely on the *in camera* statements made by attorneys Coloian and Crowell in determining whether to admit into evidence the statements of Dianikqua Johnson. Second, whether the parties had the right to cross examine Mr. Coloian and Ms. Crowell about Dianikqua Johnson's statements. Third, if the attorney client privilege is breached, are the statements of Dianikqua Johnson to Mr. Coloian and Ms. Crowell admissible under Rule 804(b)(3)?

After reviewing those sections of the Federal Rules of Evidence, relevant to the questions posed by the court, Rules 104(a), 501 and 804(b)(3), defense counsel

[1] Defense counsel bases this statement on comments made by the court after the *in camera* discussions with Mr. Coloian and Ms. Crowell on May 7, 2007.

urges that the court first determine if the attorney-client privilege held by Dianikqua Johnson can be breached based on the circumstances of this case. At that point, the court can complete the 104(a) analysis of the proffered 804(b)(3) evidence.

Rule 104(a) provides:

> **(a) Questions of admissibility generally**. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges. (Emphasis added.)

One possible reading of Rule 104(a) would be that the court cannot rely on privileged conversations between Dianikqua Johnson and her attorneys in making the *in limine* determination sought by the defendant. If, however, the court would determine that the privilege between Ms. Johnson could be breached, then the court could consider the privileged conversations in making the *in limine* determinations that are presently pending. This methodology would be consistent with Rule 104(a) and Rule 501.

Rule 501 deals generally with privileges. In a federal criminal case, it makes sense that the issues surrounding Dianikqua Johnson's privileged communications with her attorneys must be interpreted in light of federal common

law principles. Rule 501 also states that "[e]xcept as otherwise required by the Constitution of the United States" a privilege of a witness, like Dianikqua Johnson, shall be interpreted by the "common law". It is, therefore, logical to first look to whether any provisions of the United States Constitution require that the attorney-client privilege between Dianikqua Johnson and her attorneys be breached.

A) Dianikqua Johnson's Privileged Communications With Her Attorneys Must Be Revealed To The Defendant Because The Defendant's Constitutional Right To Present A Defense Outweigh Any Interest In Maintaining The Secrecy Of The Communications.

Clearly, as a matter of law, Dianikqua Johnson's tragic and untimely death did not extinguish the attorney-client privilege that cloaked her communications with her attorneys. Swidler & Berlin v. United States, 524 U.S. 399, 406 (1998). While the Supreme Court held that, in the context of the facts surrounding that particular grand jury investigation, the attorney-client privilege would not be breached, the Court left open the possibility that the privilege could be breached in the context of a criminal trial. 524 U.S. at 408, n. 3. This case represents exactly the type of exceptional circumstances that justify an abrogation of the privilege. In this case, the defendant's constitutional right to defend himself outweighs any interest in maintaining the secrecy of Dianikqua Johnson's statements to her

lawyers.

The defendant has issued subpoenas for both Mr. Coloian and for Ms. Crowell. If the subpoenaed information is not disclosed, the defendant's right to compulsory process has been frustrated, if not completely nullified. The Sixth Amendment to the United States Constitution provides in pertinent part that "In all criminal prosecutions, the accused shall enjoy the right to . . . have compulsory process for obtaining witnesses in his favor." Clearly, if the information held by Coloian and Crowell remains secret, Kent Awer's right to obtain favorable witnesses has been thwarted. See United States v. Nixon, 418 U.S. 683, 711 (1974). See also Washington v. Texas, 388 U.S. 14, 18 (1967) (Texas statute that rendered an accomplice incompetent to testify held to violate compulsory process clause); Chambers v. Mississippi, 410 U.S. 284 (1973) (due process violation found where state law barred evidence that a third party had confessed to a murder).

Most recently, the Supreme Court, in Holmes v. South Carolina, 547 U.S. 319, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006), struck down a South Carolina rule that excluded evidence of a third party's guilt. The Supreme Court cited the defendant's constitutional right to have a meaningful opportunity to present a

complete defense as grounds to strike down the South Carolina law. 126 S. Ct., at 1735.

There are many parallels between the issue before this court and the question reviewed in the Holmes case. In both cases, a rule bars the defendant from fully presenting a defense. In this case that rule is the common law attorney-client privilege. In Holmes, the law evolved from two decisions of the South Carolina Supreme Court. In Holmes, the South Carolina Supreme Court ruling prevented the defendant from presenting evidence, in part, because of the strength of the state's case. 126 S. Ct., at 1733-1734. In this case, the government has objected to the proposed Rule 804(b)(3) evidence by pointing to the strength of its case. Gov't's Memorandum In Support Of Opposition, at p. 13. The force of the attorney-client privilege acts to prevent Mr. Awer from presenting his defense.

The defendant urges the court to find that the attorney-client privilege that cloaks Dianikqua Johnson's communications with attorneys Coloian and Crowell be breached because the defendant's right to present his defense outweighs the interest of society in maintaining the privilege. In balancing the competing interests, defense counsel would note that a finding that granted the defendant's motion in limine and allowed presentation of Ms. Johnson's statements would be consistent with what she wanted. Dianikqua Johnson expressed that she wanted

to testify for Mr. Awer. These statements are reflected on some of Ms. Johnson's recorded telephone conversations and can be played for the court if the court requests to receive that evidence.

Finally, the government has represented that Coloian offered to a state prosecutor, Kurt Mutter, that Dianikqua Johnson would take full responsibility for the drugs seized by the East Providence Police on May 2, 2006. Gov't Memo In Support Of Opposition To Defendant's Motion In Limine, at pp. 3-4. That communication by Coloian constitutes a breach of the privilege. In addition, Ms. Johnson filed a disciplinary complaint against Coloian. A copy of that complaint was appended to the government's memorandum in opposition to the pending motion. The disciplinary complaint filed by Johnson also waives her privilege with Coloian. An additional hearing may be necessary in order to examine the particulars of the knowledge held by Coloian and Crowell.

B) The Court Has Discretion To Allow Cross Examination Of Coloian And Crowell, However, As The Federal Rules Of Evidence Do Not Apply To *In Limine* Hearings, Cross Examination Is Not Mandated.

The second question posed by the court, whether the parties have the right to cross examine Mr. Coloian and Ms. Crowell, can be determined by looking at Rule 104(a) of the Federal Rules of Evidence. In view of the fact that the rules of

evidence do not apply to *in limine* determinations, the court can conceivably rely on any evidence it deems appropriate and reliable, including otherwise inadmissible hearsay. As such, cross examination is not a necessary component of an in limine hearing, although nothing would seem to preclude the court allowing cross examination, in its exercise of its discretion.

C) Should The Court Determine That The Circumstances Of This Case Justify Breaching Dianikqua Johnson's Attorney-Client Privilege, Her Exculpatory Statements To Counsel Are Independently Admissible Under Rule 804(b)(3).

The third, and final, question directed to counsel by the court is whether any statements made by Dianikqua Johnson to her attorneys are independently admissible under Rule 804(b)(3).

The defendant takes the position that the statements made by Dianikqua Johnson to her attorneys are admissible as the statements satisfy the requirements of Fed. R. Evid. 804(b)(3). It is difficult, however, without knowledge as to the exact statements made by Ms. Johnson, to be specific concerning the specifics of her statements to her attorneys.

Rule 804(b)(3) contains several requirements that must be satisfied before the proffered testimony may be admitted. Obviously, Ms. Johnson is unavailable. The statements must be against a person's interest. Without access to the specific

statements made by Ms. Johnson, it is impossible to determine the extent to which her statements were against her, interest, however, judging by the statements made in the two written statements admitted for this *in limine* hearing, she probably has admitted that the crack cocaine seized by the East Providence Police on May 2, 2006 was hers and that Mr. Awer had no knowledge of the drugs.

Defense counsel believes that the court should look at all the evidence sought to be admitted as a whole. If that is done, the court can look at the statements admitted as Exhibits A and B as corroborative of the proposed testimony by attorneys Coloian and Crowell. The same is true as to the Simas testimony. The statements made to Coloian and Crowell, in turn, corroborate the two written exhibits, A and B, and the Simas testimony. The fact of corroboration is critical for a trial court seeking to decide whether to admit statements under Rule 804(b)(3). United States v. Patrick, 248 F. 3d 11, 22 (1st Cir. 2001).

Most significant in terms of assessing the admissibility of Johnson's statements is the fact that she requested that Coloian seek a plea agreement where she took full responsibility for the drugs. Gov't Memo In Support Of Opposition To Defendant's Motion In Limine, at pp. 3-4. The fact that she was willing to plead to the drug charge in state court supports the conclusion that no reasonable person would admit facts that would result in a criminal conviction for a serious

charge. The charge that Ms. Johnson was willing to admit, possession of over one kilogram of cocaine, carries a mandatory minimum sentence under Rhode Island General Laws, § 21-28-4.02(a)(2) and (b).[2] Although a Rhode Island Superior Court judge has the discretion to impose a sentence lower than the twenty year mandatory minimum, the court must find the existence of "substantial and compelling circumstances" that justify a more lenient sentence.

Simply stated, all of the circumstances before the court suggest that Ms. Dianikqua Johnson is now unavailable, that she made statements claiming sole responsibility for over 530 grams of cocaine base, that she made two written statements concerning her sole possession, that she informed a cellmate at the Women's Division at the ACI that she was solely responsible and that she informed her two attorneys that she was solely responsible for the cocaine base. She further requested that one lawyer convey her willingness to plead guilty to a state prosecutor. All of these facts and circumstances serve to support the admissibility of the proffered statements of Dianikqua Johnson pursuant to Rule 804(b)(3 of the Federal Rules of Evidence.

---

[2] Copy of RIGL § 21-28.4.02 attached hereto.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Fax: (401) 528 - 4285
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I delivered a copy of the within to Sandra R. Beckner, AUSA by way of ECF filing on May 11, 2007.

/s/ Edward C. Roy, Esquire