UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KENT AWER,<br>Defendant | CR. No. 06-061S |

**ORDER**

On May 7, 2007 this Court conducted an in camera review of allegedly privileged communications between Dianikqua Johnson (now deceased) and her two attorneys. The purpose of this in camera review was to assess the value of the attorneys' testimony in connection with the Court's assessment of the admissibility of a written statement made by Ms. Johnson, prior to her death, exculpating the defendant and inculpating herself. Having conducted the review, the Court finds that the conversations fall within the attorney-client privilege, which survives the client's death. See Swidler & Berlin v. United States, 524 U.S. 399 (1998). Nevertheless, because the exclusion of the conversations would render the defendant's trial fundamentally unfair (because without these conversations the defendant could not meet his burden with regard to the admissibility of the written statement), the Court concludes that, under the particular facts of this case, the privilege must be breached in order to allow the defendant the

opportunity to present his defense. See Chambers v. Mississippi, 410 U.S. 284 (1973). The parties may call the attorneys for the purpose of establishing the trustworthiness and reliability of Ms. Johnson's out-of-court written statements. In addition, at the close of the hearing, the Court will entertain any motion to expand the Rule 804(b) proffer to include Ms. Johnson's oral statements to her attorneys in addition to her written statement.

BY ORDER:

Karen Baldwell

Deputy Clerk

ENTER:

WESmith

William E. Smith
United States District Judge
Date: 5/21/07