UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION IN LIMINE TO ALLOW ADMISSION OF STATEMENTS WITH LIMITING INSTRUCTION

The defendant, Kent Awer, files this motion *in limine* requesting that that the Court admit of testimony of attorneys Artin Coloian and Judith Crowell, not for the truth of the assertions made by Ms. Johnson, but, to show that the statements were made. Alternatively, the defendant moves to admit Ms. Johnson's statement to Coloian on the afternoon of May 2, 2006 as evidence of her then existing state of mind under Rule 803(3) of the Federal Rules of Evidence. In further support of this motion, the defendant hereby incorporates by reference the attached memorandum of law.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 31st day of May, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO ALLOW ADMISSION OF STATEMENTS
WITH LIMITING INSTRUCTION

The defendant, Kent Awer, has filed a motion *in limine* requesting that that the Court admit of testimony of attorneys Artin Coloian and Judith Crowell, not for the truth of the assertions made by Ms. Johnson, but, to show that the statements were made.

1. The Court's May 30, 2007 Order

On May 30, 2007, the Court ruled that a written statement in which Dianikqua Johnson, a deceased person who was the driver of the vehicle in which Mr. Awer was a passenger, admitted that the cocaine found in the vehicle was hers alone, may be admitted pursuant to Rule 804(b)(3). See May 30, 2007 Order, at 6. In the same order, the Court denied a defense motion to admit statements of a similar nature made by Ms. Johnson's attorneys, Artin Coloian and Judith

Crowell. See May 30, 2007 Order, at 6.

2. Admission Of Statements As Non-Hearsay

While the Court's May 30, 2007 Order precludes use of the statements made to Coloian and Crowell as Rule 804(b)(3) evidence, the statements may be admitted as non-hearsay evidence of the fact that the statements were made by Ms. Johnson with an appropriate limiting instruction.

Rule 801( c ) of the Federal Rules of Evidence defines hearsay evidence as " a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The fact that Dianikqua Johnson made statements to Coloian and Crowell is important in terms of corroboration, while the substance is not admissible, as the Court ruled in its May 30, 2007 order.

In addition, the statement made to Coloian, in the cellblock of the East Providence Police Station on the afternoon after the May 2, 2006 arrest is independently admissible under Rule 803(3) of the Federal Rules of Evidence as a statement of Dianikqua Johnson's then existing state of mind.

Justice requires that the Court allow the admission of the statements to Coloian and Crowell, with an appropriate limiting instruction, as the admission of the barebones statement written by Ms. Johnson, without the jury learning of the

many corroborating circumstances outlined in the Court's May 30, 2007 order will deprive the jury of an opportunity to fully evaluate Ms. Johnson's statement. See Order of May 30, 2007 at 2-4.

Defense counsel was able to find two decisions which dealt with the potential admission of statements where the statements were sought to be introduced as non-hearsay. See United States v. Reilly, 33 F.3d 1396, 39 Fed. R. Evid. Serv. 1213 (3rd Cir. 1994). In Reilly, the Third Circuit Court of Appeals affirmed the admission at trial of radiotelegrams sent by a defendant which were admitted as circumstantial evidence of the defendant's state of mind, specifically his knowledge. 33 F.3d, at 1415. See Also United States v. Quinn, 123 F. 3d 1415, 47 Fed. R. Evid. Serv. 1320 (11th Cir. 1997). In Quinn, the Eleventh Circuit found harmless error in the district court's failure to admit statements made by the defendant which he sought to introduce to show his state of mind. Specifically, Quinn sought to introduce the testimony of a sheriff as to a conversation he and Quinn had. Quinn wanted to use the conversation to show that his state of mind was inconsistent with guilt. In determining that the district court's failure to admit was harmless error, the Eleventh Circuit held that the statements were not hearsay because they were not introduced for the truth. 123 F.3d, at 1420.

3. Admission Of Statement To Coloian Under Fed. R. Evid. 803(3)

Rule 803(3) of the Federal Rules of Evidence allows for the admission of statements relating to a declarant's state of mind. In pertinent part, Rule 803(3) provides for the admission of

> "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will."

The facts surrounding Ms. Johnson's statements to attorney Coloian on the afternoon after her arrest, at a time when she had no opportunity to meet with or speak to Kent Awer, certainly would demonstrate her state of mind, intent, plan or motive. In other words, her volunteering, almost immediately, that the cocaine in question was hers alone demonstrates her intent and state of mind as to the cocaine seized in this case. Given that the defense in this case is that the defendant did not know of the cocaine, evidence that another person made such a statement admitting knowledge is important evidence.

The statement to Coloian was made within hours of Ms. Johnson's arrest, at a time when she had no opportunity to either concoct a false statement or be pressured by Kent Awer. [1]

4. Conclusion

For all of the reasons set forth herein, defendant respectfully urges the Court to admit the statements made by Dianikqua Johnson to attorneys Coloian and Crowell, with the appropriate limiting instructions.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

[1] The testimony at the hearing on defendant's motion to suppress physical evidence established that Dianikqua Johnson was arrested and secured in Patrolman Dubois' vehicle, separate from the defendant. See Decision and Order, January 22, 2007, at 2.

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 31st day of May, 2007.

/s/ Edward C. Roy, Esquire