UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-061S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION IN LIMINE TO ALLOW ADMISSION OF STATEMENTS WITH LIMITING INSTRUCTIONS"

INTRODUCTION

The court should deny the defendant's second motion in limine to admit the statements of Dianikqua Johnson to Attorneys Artin Coloian and Judith Crowell because such statements are inadmissible hearsay made under the cloak of the attorney-client privilege. In his second attempt to admit these statements, the defendant seeks to characterize them as non-hearsay or alternatively statements of the declarant's then existing state of mind. Both arguments are without merit.

STATEMENTS WHICH ARE NON-HEARSAY

Hearsay is an out-of-court statement offered for the truth of the matter asserted. See Fed. R. Evid. 801(c). There are a number of exceptions to this general rule, but there is no exception which allows for the admission of hearsay to corroborate other evidence. See Fed. R. Evid. 803 and 804.

The defendant claims that the statements to Attorneys Coloian and Crowell are "non-hearsay evidence of the fact that the statements were made by Ms. Johnson" and he claims that the

statements to the lawyers provide corroboration. See Defendant's Motion, p. 2. Neither attorney testified that they had knowledge Ms. Johnson wrote the written statement. Moreover, the statements to the lawyers are cumulative since the "fact that the statements were made by Ms. Johnson" is evidenced by the written statements themselves and the testimony of the handwriting expert; the hearsay statements of the attorneys do not add anything to this proposition.

The statements to the lawyers have no independent significance aside from the hearsay assertions contained within those statements. That is, the statements are only relevant, and only provide corroboration, if the statements to the lawyers are admitted for the truth of the matter asserted.

The defendant cites to two cases which he claims support his attempt to admit the out-of-court statements of Ms. Johnson to the lawyers. Both cases are inapposite.

In United States v. Reilly, 33 F.3d 1396, 1410-15 (3rd Cir. 1994), a case involving a prosecution for false statements made under oath, the Third Circuit affirmed the admission of 31 [1] radiotelegrams sent to or received from the defendant. The Court conducted a complex, layered approach to the hearsay analysis, considering the contents of the radiotelegrams as well as the

[1] Although it was error to admit four additional radiotelegrams which contained hearsay that did not fit within any recognized exception to the hearsay rule, the Court concluded that it was harmless error. See Reilly, 33 F.3d at 1415.

effect of the various transmissions of the radiotelegrams through a coastal station operator who did not testify.[2] The portion of the opinion relied upon by the defendant, however, is the part in which the Court found that there were statements contained within the radiotelegrams which were not hearsay. The Court reached this conclusion because the statements were circumstantial evidence of the defendant's knowledge of an act of which he had denied under oath of having any knowledge. See id. at 1410.

Reilly does not assist the defendant in his efforts to admit the hearsay statements of Ms. Johnson because they were not made to the defendant. Accordingly, Ms. Johnson's statements to her lawyers are only evidence of the defendant's state of mind if the statements are taken for the truth of the matter asserted. That is, to prove that the drugs were Ms. Johnson's and not the defendant's.

The defendant also cites to United States v. Quinn, 123 F.3d 1415, 1420-21 (11th Cir. 1997), a case in which the Eleventh Circuit concluded that it was harmless error for the district court to refuse to admit statements of the defendant/declarant regarding his state of mind. Quinn, like Reilly, does not lend support to the defendant's efforts to admit the out-of-court

[2] The Court concluded that 13 of the radiotelegrams contained statements which were non-hearsay admissions of a party opponent, see Fed. R. Evid. 801(d)(2)(A)(D), and 18 contained statements that fit within the business records exception to the hearsay rule, see Fed. R. Evid. 803(b)(6), or else constituted statements of an individual who testified at trial, see Fed. R. Evid. 801(d)(1)(B). See Reilly, 33 F.3d at 1410-15.

statements of Ms. Johnson, because the state of mind of Ms. Johnson, who is the declarant in this case, is not at issue. See United States v. Millan, 230 F.3d 431, 438 (1st Cir. 2000) (refusing to admit hearsay evidence of the co-defendant's state of mind because it was not relevant to the case). Furthermore, the statements to the attorneys are cumulative of the written statements that the Court has already deemed admissible.

FEDERAL RULE OF EVIDENCE 803(3)

The defendant asks the Court to admit statements of Ms. Johnson to Artin Coloian pursuant to Fed. R. Evid. 803(3), Then existing mental, emotional or physical condition. Federal Rule of Evidence 803(3) provides for the admission of statements evidencing the declarant's existing state of mind but not statements of memory or belief to prove the fact remembered or believed. See Fed. R. Evid. 803(3).

As a preliminary matter, Mr. Coloian did not testify regarding statements Ms. Johnson made about her state of mind; instead, he testified that she stated a fact claiming that the drugs were hers. This is very different from a statement about her future intentions or what she was feeling. Furthermore, the state of mind of the declarant, Ms. Johnson, is not at issue or probative as to whether the defendant knowingly possessed cocaine base with the intent to distribute it. Finally, Ms. Johnson's statements were not made at the time of the traffic stop, but

instead nearly 12 hours later. Accordingly, her statements to Attorney Coloian are statements of memory or belief offered to prove a fact remembered or believed. See United States v. Taubman, 297 F.3d 161, 164-65 (2d Cir. 2002) (refusing to admit pursuant to Fed. R. Evid. 803(3) a statement about something that had already happened).

CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the defendant's motion in limine because such evidence is cumulative hearsay.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000/709-5001 (fax)
sandra.beckner@usdoj.gov

CERTIFICATION

On June 4, 2007, I caused the within Government's Response to "Defendant's Motion in Limine to Allow Admission of Statements with Limiting Instructions" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj