UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION IN LIMINE TO ALLOW ADMISSION OF STATEMENTS WITH LIMITING INSTRUCTION

The defendant, Kent Awer, files this motion *in limine* requesting that that the Court admit of testimony of Lynn Simas, of the Adult Correctional Institutions, as to statements made by Dianikqua Johnson, as heard by the Court at the hearing on defendant's motion in limine, not for the truth of the assertions made by Ms. Johnson, but, to show that the statements were made. In further support of this motion, the defendant hereby incorporates by reference the attached memorandum of law.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 13th day of June, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO ALLOW ADMISSION OF STATEMENTS
WITH LIMITING INSTRUCTION

The defendant, Kent Awer, has filed a motion *in limine* requesting that that the Court admit of testimony of Lynn Simas, as to statements made by Dianikqua Johnson, not for the truth of the assertions made by Ms. Johnson, but, to show that the statements were made.

1. The Court's May 30, 2007 Order

On May 30, 2007, the Court ruled that a written statement in which Dianikqua Johnson, a deceased person who was the driver of the vehicle in which Mr. Awer was a passenger,admitted that the drugs found in the vehicle were hers alone, may be admitted pursuant to Rule 804(b)(3). See May 30, 2007 Order, at 6.

Lynn Simas testified on April 26, 2007. While she testified as to the exact statements made by Dianikqua Johnson, she also testified as to the background of

the creation of the statement that the Court has ruled is admissible under Rule 804(3), Exhibit A at the in limine hearing. Her testimony as to the circumstances of the creation of the statement, with an appropriate limiting instruction, would provide the jury with the proper context as to the creation of Exhibit A.

2. Admission Of Statements of Lynn Simas As Non-Hearsay

Rule 801( c ) of the Federal Rules of Evidence defines hearsay evidence as " a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The fact that Dianikqua Johnson made statements to Lynn Simas is important in terms of corroboration, while the substance is not admissible, as the Court ruled in its May 30, 2007 order.

Justice requires that the Court allow the admission of the statements by Lynn Simas as to the creation of Exhbit A, with an appropriate limiting instruction, as the admission of the barebones statement written by Ms. Johnson, without the jury learning of the many corroborating circumstances outlined in the Court's May 30, 2007 order will deprive the jury of an opportunity to fully evaluate Ms. Johnson's statement. See Order of May 30, 2007 at 2-4.

Defense counsel was able to find two decisions which dealt with the potential admission of statements where the statements were sought to be introduced as non-hearsay. See United States v. Reilly, 33 F.3d 1396, 39 Fed. R.

Evid. Serv. 1213 (3rd Cir. 1994). In Reilly, the Third Circuit Court of Appeals affirmed the admission at trial of radiotelegrams sent by a defendant which were admitted as circumstantial evidence of the defendant's state of mind, specifically his knowledge. 33 F.3d, at 1415. See Also United States v. Quinn, 123 F. 3d 1415, 47 Fed. R. Evid. Serv. 1320 (11th Cir. 1997). In Quinn, the Eleventh Circuit found harmless error in the district court's failure to admit statements made by the defendant which he sought to introduce to show his state of mind. Specifically, Quinn sought to introduce the testimony of a sheriff as to a conversation he and Quinn had. Quinn wanted to use the conversation to show that his state of mind was inconsistent with guilt. In determining that the district court's failure to admit was harmless error, the Eleventh Circuit held that the statements were not hearsay because they were not introduced for the truth. 123 F.3d, at 1420.

4. Conclusion

For all of the reasons set forth herein, defendant respectfully urges the Court to admit the statements made by Dianikqua Johnson to Lynn Simas, with the appropriate limiting instructions.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA, on the 13th day of June, 2007.

/s/ Edward C. Roy, Esquire