IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-061S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION IN LIMINE TO ALLOW ADMISSION OF STATEMENTS WITH LIMITING INSTRUCTIONS"

The court should deny the defendant's motion in limine to admit the statements of Dianikqua Johnson to Lynn Simas because such statements are inadmissible hearsay. The defendant asks this Court to rule that the jailhouse statements of Ms. Johnson to Lynn Simas are nonhearsay. His argument is without merit. The statements of Ms. Johnson to Lynn Simas are relevant if, and only if, they are considered for the truth of matter asserted. They, therefore, are irrelevant, inadmissible, and inconsistent with the Court's previous rulings.

Hearsay is an out-of-court statement offered for the truth of the matter asserted. See Fed. R. Evid. 801(c). There are a number of exceptions to this general rule, but there is no exception which allows for the admission of hearsay to corroborate other evidence. See Fed. R. Evid. 803 and 804.

The defendant claims that Ms. Johnson's alleged statements to Lynn Simas corroborate the written statement. See Defendant's Motion, p. 2. However, Ms. Johnson's oral statements to Ms. Simas only corroborate the written statement if they are offered for their truth. Moreover, Ms. Johnson's hearsay statements to

Ms. Simas are cumulative since the "fact that the statements were made by Ms. Johnson" is evidenced by the written statements themselves, the testimony of Lieutenant Mullensky, and the testimony of the handwriting expert.

The statements to Ms. Simas have no independent significance aside from the hearsay assertions contained within those statements. Ms. Simas could not even state that she saw Ms. Johnson write or sign a statement accepting responsibility for the drugs; she merely saw Ms. Johnson approach Lieutenant Mullensky with an unidentified piece of paper.

In United States v. Harwood, 998 F.2d 91, 97 (2d Cir. 1993), a case in which Defendants Harwood and McKee were convicted of narcotics-related offenses, Defendant Harwood sought to admit the testimony of a reporter who would have testified that the co-defendant, McKee, told him that Harwood was "in the wrong place at the wrong time." As in this case, Defendant Harwood argued that McKee's statements to the reporter were nonhearsay evidence that the statements were made and evidence of the declarant's state of mind under Fed. R. Evid. 803(3). See id.

The Court rejected both of these attempts to circumvent the hearsay rule recognizing that Co-defendant McKee's hearsay statements to the reporter were not relevant to some issue in the case. See id..

> Here the fact that McKee made the statement to [the reporter] is irrelevant. What would be relevant is that

> Harwood was in truth in the wrong place at the wrong time-not that McKee thought so. Hence the statement is irrelevant unless it was true, in which case it would be hearsay, and inadmissible under any of the exceptions in Fed.R.Evid. 803 and 804.

Id. The Court also rejected the defendant's attempts to admit the hearsay evidence as evidence of the declarant's state of mind because McKee's state of mind was not at issue. Likewise, the Court refused to admit McKee's hearsay statement pursuant to Fed. R. Evid. 803(3) because the statement was backwards looking and was offered to support an inference about conduct that occurred previously. Id. at 98.

As in his previous motion in limine, the defendant cites to two cases which he claims support his position. Both cases are inapposite.

In United States v. Reilly, 33 F.3d 1396, 1410-15 (3rd Cir. 1994), a case involving a prosecution for false statements made under oath, the Third Circuit affirmed the admission of 31 [1] radiotelegrams sent to or received from the defendant. The Court conducted a complex, layered approach to the hearsay analysis, considering the contents of the radiotelegrams as well as the effect of the various transmissions of the radiotelegrams through a coastal station operator who did not testify.[2] The portion of

[1] Although it was error to admit four additional radiotelegrams which contained hearsay that did not fit within any recognized exception to the hearsay rule, the Court concluded that it was harmless error. See Reilly, 33 F.3d at 1415.

[2] The Court concluded that 13 of the radiotelegrams contained statements which were non-hearsay admissions of a party opponent, see Fed. R. Evid. 801(d)(2)(A)(D), and 18 contained statements that fit within the

the opinion relied upon by the defendant, however, is the part in which the Court found that there were statements contained within the radiotelegrams which were not hearsay. The Third Circuit reached this conclusion because the statements were circumstantial evidence of the defendant's knowledge of an act of which he had denied under oath of having any knowledge. See id. at 1410.

Reilly does not assist the defendant in his efforts to admit the hearsay statements of Ms. Johnson because her state of mind is not at issue and her statements were not made to the defendant. Ms. Johnson's statements to Lynn Simas are only evidence of the defendant's state of mind, a fact that is in dispute in this trial, if the statements are taken for the truth of the matter asserted. That is, to prove that the drugs were Ms. Johnson's and that the defendant had no knowledge of the drugs.

The defendant also cites to United States v. Quinn, 123 F.3d 1415, 1420-21 (11th Cir. 1997), a case in which the Eleventh Circuit concluded that it was harmless error for the district court to refuse to admit statements of the defendant/declarant regarding his state of mind. Quinn, like Reilly, does not lend support to the defendant's efforts to admit the out-of-court

business records exception to the hearsay rule, see Fed. R. Evid. 803(b)(6), or else constituted statements of an individual who testified at trial, see Fed. R. Evid. 801(d)(1)(B). See Reilly, 33 F.3d at 1410-15.

statements of Ms. Johnson, because the state of mind of Ms. Johnson, who is the declarant in this case, is not at issue. See United States v. Millan, 230 F.3d 431, 438 (1st Cir. 2000) (refusing to admit hearsay evidence of the co-defendant's state of mind because it was not relevant to the case).

The efforts of the defendant in this case mirror those of Defendant Harwood in the Second Circuit case. Moreover, the statements to Lynn Simas are cumulative evidence of the written statements that the Court has already deemed admissible. For the same reasons discussed in Harwood, this Court should deny the defendant's motion in limine because such evidence is cumulative hearsay.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
sandra.beckner@usdoj.gov

CERTIFICATION

On June 14, 2007, I caused the within Government's Response to Defendant's "Motion in Limine to Allow Admission of Statements with Limiting Instructions" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj