UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION TO RECONSIDER
DECISION DENYING MOTION TO SUPPRESS PHYSICAL EVIDENCE

_____NOW comes the defendant, Kent Awer, and moves that this Honorable Court reconsider the Court's decision denying the defendant's motion to suppress physical evidence seized by the East Providence Police. The Court denied defendant's motion in a written decision dated January 22, 2007. In further support of this motion, the defendant refers to the attached Memorandum of Law in Support of Motion to Reconsider.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281 Fax: (401) 528 - 4285
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I delivered a copy of the within to Sandra R. Beckner, AUSA by way of ECF filing on the 18th day of June, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER DECISION DENYING MOTION TO SUPPRESS PHYSICAL EVIDENCE

_____The defendant, Kent Awer, moves that this Honorable Court reconsider the court's decision denying the defendant's motion to suppress physical evidence seized by the East Providence Police. The Court denied defendant's motion to suppress in a written decision issued January 22, 2007.

I. **Brendlin v. California, No. 06-8120 (June 18, 2007) Requires That This Court Reconsider Its Decision Denying The Defendant's Motion To Suppress Physical Evidence**

This motion to reconsider is prompted by the decision, issued by the United States Supreme Court on June 18, 2007, in Brendlin v. California, No. 06-8120 (June 18, 2007). The essential holding of Brendlin is that a passenger in a vehicle stopped by the police is seized for Fourth Amendment purposes and, therefore, can challenge the constitutionality of the stop. Slip Op. at 13. It follows logically, that if the passenger is seized for Fourth Amendment purposes from the point when the vehicle is halted on the side of the road, the removal of a passenger from the

vehicle must be based on probable cause. It would make no logical sense to require probable cause for the initial stop of a vehicle and the apply lower Terry [1] standard of "reasonable suspicion" for the actual removal of a passenger.

Reconsideration of the motion to suppress physical evidence is warranted because this court analyzed the removal of Mr. Awer from the vehicle under a Terry frisk standard. Decision and Order, January 22, 2007, at 5-10. In ruling that there was sufficient reasonable suspicion to justify removing Awer from the vehicle, the court observed "Viewed in context, the officers' use of force was reasonable and did not amount to a de facto arrest of Defendant." Decision and Order, at 8.

In Brendlin, the California trial court made a ruling nearly identical to this court- that the defendant was not seized until he was ordered out of the car. Slip Op. at 2. This court held that

> Insofar as Officers Dubois and Gardnder did not frisk Defendant based on his nervousness and movement to the console, but rather effectuated their lawful order to exit the Malibu based on Defendant's disobedience and quick grab towaard the center console, their use of force was justified based on reasonable suspicion and was not impermissible. (Citation omitted).

Decision and Order, January 22, 2007 at 10.

---

[1] Terry v. Ohio, 392 U.S. 1 (1968).

Further, this court relied on Maryland v. Wilson, 519 U.S. 408 (1997) as support for the decision by officers Dubois and Gardner to remove Kent Awer from the Malibu. Decision and Order at 6-7. This court did mention the question in Wilson that was not squarely addressed: may an officer forcibly hold a passenger for the duration of the stop? Decision and Order at 7. If Brendlin is interpreted as defense counsel urges, a police officer may only forcibly hold or remove a passenger based on probable cause.

Kent Awer's actions in reaching toward the console of the vehicle did not supply probable cause to remove him from the vehicle. Brendlin also calls into question the lawfulness of an order of removal from the vehicle. Implicit in this court's ruling is the principle that a police officer may lawfully order a passenger out of the vehicle.[2] Brendlin would seem to call into question Wilson and the notion that no probable cause, or reasonable suspicion, is necessary to order a passenger from a vehicle. A reasonable person in Kent Awer's situation would have felt he was not free to go from the moment that the vehicle was stopped. Awer, therefore, was arrested when he was pulled out of the car by officers Dubois and Gardner. No probable cause existed for this seizure. As probable cause was

---

[2] "Most importantly, however, Defendant disobeyed a lawful exit order and instead made a furtive movement towards the center console. See Wilson, 519 U.S. at 415 ("[A]n officer making a traffic stop may order passengers to get out of the car pending completion of the stop.")." Decision and Order at 8.

required for seizure of a passenger like Awer, the seizure of Kent Awer violated the Fourth Amendment to the United States Constitution.

**II. Conclusion**

For the reasons set forth herein, the defendant respectfully urges that the Court reconsider its decision of January 22, 2007 and suppress physical evidence seized by the East Providence Police made on May 2, 2006. Although a jury has been selected, the jury has not yet been sworn. While dismissing the jury will result in some expense, the expense is justified where this defendant, Kent Awer, faces a mandatory minimum sentence of life if convicted.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Fax: (401) 528 - 4285
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I delivered a copy of the within to Sandra R. Beckner, AUSA by way of ECF filing on the 18th day of June, 2007.

/s/ Edward C. Roy, Esquire