UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-061S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

The defendant, in his fourth attempt to suppress evidence in this case, asks the Court to reconsider its ruling regarding the admissibility of the physical evidence seized from the defendant's rental vehicle. In support of his motion, the defendant cites to the recent Supreme Court case of Brendlin v. California, — S.Ct. —, 2007 WL 1730143 (June 18, 2007). The defendant's reliance on Brendlin is misguided. Therefore, the Court should deny his motion to reconsider.

Law enforcement officers may stop a vehicle to investigate their reasonable suspicion that the vehicle's occupants are engaged in criminal activity. See United States v. Kimball, 25 F.3d 1, 6 (1st Cir. 1994). Contrary to the defendant's contention, Brendlin does not overrule Terry v. Ohio, 392 U.S. 1 (1968) and require probable cause for every seizure under the Fourth Amendment. In fact, Brendlin does not address the standard applicable to a seizure such as occurred in this case; it merely holds that a passenger in a vehicle has standing to challenge the constitutionality of a traffic stop. See id. at *6. This was already the rule in the First Circuit as well as

every other Federal Court of Appeal. See id.; Kimball, 25 F.3d at 5. Now, after Brendlin, it is the rule in all state courts.

Because Brendlin does not alter the state of the law under which this Court denied the defendant's suppression motion, it does not assist the defendant in his attempt to re-litigate the suppression issue. He raised his arguments in a multi-day hearing before this Court and on January 22, 2007, the Court denied the defendant's motion on the merits, not on the issue of standing. The defendant was already given a full opportunity to raise his Fourth Amendment claim and he has provided no reason for this Court to reconsider its ruling. Accordingly, the defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2007, a copy of the within "Government's Response to Defendant's Motion to Reconsider" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Assistant Federal Public Defendant
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov