IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | Cr. No. 06-61S |
| | ) | |
| KENT AWER | ) | |

GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM

III. Anticipated Legal Issues

D. Use of Suppressed Evidence to Impeach a Testifying Defendant

The "impeachment exception" recognizes that a defendant may open the door on direct examination for the government to then use suppressed evidence on cross-examination for impeachment purposes. See United States v. Hickey, 596 F.2d 1082, 1088 (1979) ("[S]uppressed evidence may be used to impeach a defendant who [during] direct examination testifies contrary to such evidence, whether the evidence bears on collateral matters or matters directly related to the crime charged."); see also Walder v. United States, 374 U.S. 62, 65 (1954); Harris v. New York, 401 U.S. 222, 225 (1971). Likewise, when cross-examination grows directly out of a defendant's direct testimony, the defendant's testimony on cross may be subject to impeachment by suppressed evidence. See United States v. Havens, 446 U.S. 620, 628 (1980).

In its order of January 22, 2007, the Court suppressed the crack cocaine seized from the defendant's buttocks. Although it is not the government's intention to present this evidence in its case-in-chief, the government may seek to use the "impeachment exception" to the exclusionary rule to introduce suppressed evidence if the circumstances present themselves.

In Havens, 446 U.S. at 628, the defendant denied on direct examination having been involved with the concealment of drugs. This testimony allowed the government to cross-examine the defendant regarding specific material found which was used for the concealment of drugs, although that evidence had been suppressed. See id.; see also Oregon v. Hass, 420 U.S. 714, 722-24 (1975) (suppressed statements could be used to determine the credibility of defendant's testimony that contradicted the suppressed statements, but the suppressed statements were not admissible to demonstrate guilt); Walder, 347 U.S. at 65-66 (when defendant charged with possession of narcotics testified on both direct and cross-examination that he never sold, possessed or handled narcotics, government was allowed to use suppressed evidence to discredit defendant's testimony); Harris, 401 U.S. at 225-26 (when defendant made statements on direct examination which contrasted sharply with his prior, inadmissible statements, the Court allowed government to introduce those prior statements for impeachment purposes); United States v. Morla-Trinidad, 100

F.3d 1, 6 (1st Cir. 1996) (defendant denied during direct examination any drug related activity and denied knowing a co-defendant who he was with when arrested subjecting his testimony to impeachment by suppressed evidence).

The government cannot, however, use this exception in an attempt to "smuggle" in otherwise inadmissible evidence. In Agnello v. United States, 269 U.S. 20, 34 (1925), the government tried to introduce the suppressed evidence on cross examination by asking a broad question about whether the defendant had ever seen narcotics before. The Court found this to be a question unrelated to testimony given by the defendant during his direct examination and would not allow suppressed evidence to be introduced this way. Id. at 35. Thus, when the false testimony is first provided on cross-examination, the trial judge must use his discretion to determine how closely related the cross-examination is with issues raised during direct examination before allowing the material to be introduced pursuant to the impeachment exception. See Havens, 446 U.S. at 626-28.

In sum, the government may use suppressed evidence to impeach a defendant and discredit his testimony during cross-examination when the defendant has, during direct testimony, made claims contradictory to the suppressed evidence. The Government may also use suppressed evidence to impeach a defendant's statements made during cross-examination, in the Court's

discretion, where the Court finds the matter elicited during cross-examination to be closely related to the defendant's direct testimony.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2007, a copy of the within "Government's Supplemental Trial Memorandum" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Assistant Federal Public Defendant
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj