UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KENT AWER,<br><br>Defendant. | CR. No. 06-061 S |

Order

William E. Smith, United States District Judge.

The defendant, Kent Awer, has moved to reconsider this Court's decision granting in part and denying in part his earlier motion to suppress, see United States v. Awer, No. 06-061S, 2007 WL 172258 (D.R.I. Jan. 23, 2007), in light of the Supreme Court's recent decision in Brendlin v. California, --- S. Ct. ----, 2007 WL 1730143 (June 18, 2007). In Brendlin, a unanimous Court held that, when a police officer makes a traffic stop, a passenger in the car (just as much as the car's driver) is seized within the meaning of the Fourth Amendment, and thus may challenge the constitutionality of the stop. Id. at *6.

It is difficult to see how this holding affects the suppression opinion in this case. Awer was a passenger in a car subject to a traffic stop, but his standing to challenge the legality of the stop was presumed. See Awer, 2007 WL at *2-*3 (finding that the police had probably cause to make the stop); see

also Brendlin, 2007 WL at *8 ("Our conclusion comports with the views of all nine Federal Courts of Appeals, and nearly every state court, to have ruled on the question.") (citing United States v. Kimball, 25 F.3d 1, 5 (1st Cir. 1994)). Also, there is no basis for Awer's deduction that, after Brendlin, "the removal of a passenger from the vehicle must be based on probable cause." (Def.'s Mem. of Law in Supp. of M. to Recons. Dec. Den. M. to Suppress Physical Evid. 2-3.) See Brendlin, 2007 WL at *7-*8 (citing Maryland v. Wilson, 519 U.S. 408, 415 (1997) (establishing a per se rule that "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop")); see also Terry v. Ohio, 392 U.S. 1 (1968). Because Awer did not reasonably believe that he was under arrest, Awer, 2007 WL at *4-*5, the officers' reasonable suspicions were enough to comply with the Fourth Amendment before and after Brendlin.

For all of these reasons, the Defendant's Motion to Reconsider is DENIED.

It is so ordered.

WESmith

William E. Smith
United States District Judge

Date: 6/21/07