UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. KENT AWER, Defendant. | ) | CR. No. 06-061 S |

Order

William E. Smith, United States District Judge.

The defendant, Kent Awer, has filed two motions in limine: one seeking to admit the testimony of two attorneys, Artin Coloian and Judith Crowell; the other seeking to admit the testimony of Lynn Simas. Awer argues that the statements of these three witnesses are not hearsay because they are not offered for the truth of the matter asserted (that Dianikqua Johnson accepted responsibility for the drugs), but rather simply to show that the statements were, in fact, made. See Fed. R. Evid. 801(c), 802; see, e.g., United States v. Jimenez, 419 F.3d, 34, 44 (1st Cir. 2005). The government has objected.

The relevant inquiry here, however, is not Johnson's state of mind, as Awer's argument necessarily presumes, but his own culpability. In this light, the fact that these statements were made is meaningless if not to show that Johnson accepted responsibility for the drugs. The statements, therefore, are

either irrelevant or hearsay; either way, they should be excluded. See United States v. Harwood, 998 F.2d 91, 97 (2d Cir. 1993); United States v. Ariza-Ibarra, 605 F.2d 1216, 1224 (1st Cir. 1979) (excluding messages because, "practically speaking, they were irrelevant to prove anything but the truth of the matter asserted").

However, as it may provide relevant context to the rather unique events of this case, the Court will allow Simas (but not Coloian or Crowell) to testify about the circumstances surrounding Johnson's statement, see United States v. Walter, 434 F.3d 30, 35 (1st Cir. 2006) ("statements introduced solely to place a defendant's admissions into context are not hearsay"), but not the statement itself.

It is so ordered.

WESmith

William E. Smith
United States District Judge

Date: 6/20/07