IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-061S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S MOTION IN LIMINE

The government moves the Court to exclude the testimony of Investigator Daniel Fortier of the Federal Defender's Office because his testimony is irrelevant, hearsay evidence in the trial of the defendant, Kent Awer. Likewise, to the extent the defendant seeks to elicit testimony from Lynn Simas regarding Dianikqua Johnson's charges, the government moves the Court to exclude such testimony on the same grounds.[1]

FACTS AND TRAVEL

On May 2, 2006, Dianikqua Johnson, Lashon Simmons, and the defendant, Kent Awer, were stopped while traveling on Route 195. As a result of the traffic stop, over half a kilogram of crack cocaine was seized from the defendant's suitcase. The East Providence Police Department charged all three individuals with possession of cocaine with the intent to deliver and controlled substance conspiracy. The defendant was selected for federal prosecution and the federal grand jury indicted the defendant with possession with the intent to distribute on May 10, 2006.

[1]The Court has already ruled that Lynn Simas may not testify to the statements made by Dianikqua Johnson.

The Office of the Attorney General for the State of Rhode Island charged Kent Awer with possession of cocaine and possession of marihuana and Dianikqua Johnson with possession with the intent to deliver cocaine and driving on a suspended license.

On June 19, 2007 the defendant subpoenaed the criminal histories of Dianikqua Johnson and Lashon Simmons, the two individuals who were traveling with the defendant on May 2, 2006. In the pretrial conference held on June 20, 2007, the defendant indicated that he intended to call Investigator Daniel Fortier with the Federal Defender's Office to testify that Ms. Johnson was charged in Superior Court. The Court should not admit Investigator Fortier's testimony because it is irrelevant hearsay.

ARGUMENT

It is bedrock law that a finding of guilty or not guilty must be based upon the facts of the case and the reasonable inferences drawn therefrom, not upon the legal conclusions drawn from said facts and conclusions by the grand jury and/or prosecutor. It is for this reason that in every criminal trial, the Court instructs the jury that the charge itself is not evidence. See First Circuit Pattern Criminal Jury Instructions § 3.08(5).

The fact that the Office of the Attorney General for the State of Rhode Island charged Dianikqua Johnson with driving on a

suspended license and possession of cocaine with the intent to deliver is no more relevant than the fact that the Attorney General charged the defendant with possession of cocaine and possession of marihuana, or that the East Providence Police Department charged Dianikqua Johnson, the defendant, and Lashon Simmons with conspiracy to possess cocaine with the intent to deliver.

Charging decisions are based upon a variety of considerations, including facts, inferences, the experience of the charging authority, expectations that additional evidence will be uncovered, and criminal history. Not all of these facts are fodder for the jury. It is for that very reason that the charge and the decision making process behind it are not evidence for the jury. Juries decide cases on the facts and the applied law, not upon the charging deliberations of others. If it were otherwise, there would be no need for trials and the fate of a defendant might well rest solely in the hands of an unscrupulous charging authority.

Investigator Fortier’s testimony regarding state charges creates the risk of unfair prejudice. As already explained, his testimony has little or no evidentiary value, but raises the impermissible inference that because the Attorney General charged Dianikqua Johnson, the State of Rhode Island believed that she, and not the defendant, was guilty of this offense. Not only is

this inference irrelevant and impermissible, it is also untrue. The State's information was filed after the State Attorney General's Office knew that the United States Attorney's Office was prosecuting the defendant. Because the government would rightly be prohibited from explaining how some defendants are selected for federal prosecution, while others are not, there is great danger that the jury would improperly consider such testimony, and the government would suffer extreme unfair prejudice in violation of Fed. R. Evid. 403.

CONCLUSION

Because his testimony is irrelevant, prejudicial hearsay, the Court should preclude Investigator Fortier from testifying regarding the state charges against Dianikqua Johnson. Likewise, to the extent the defendant intends to elicit the same testimony regarding charges from Lynn Simas, the government moves the Court to exclude such testimony from the evidence in this trial.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401)709-5000
Fax(401)709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On June 21, 2007, I caused the within "Government's Motion in Limine" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Assistant Federal Public Defendant
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov