UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION FOR NEW TRIAL

______NOW comes the defendant, Kent Awer, and moves that this Honorable Court grant him a new trial, pursuant to Rule 33(a) and (b) of the Federal Rules of Criminal Procedure. In further support of support of this motion, the defendant hereby incorporates by reference the attached memorandum of law in support of motion for new trial.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Fax: (401) 528 - 4285
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I delivered a copy of the within to Sandra R. Beckner, AUSA by way of ECF filing on the 5th day of July, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR NEW TRIAL

_____The defendant, Kent Awer has moved for a new trial, pursuant to Rule 33(a) and (b) of the Federal Rules of Criminal Procedure. Rule 33(a) provides that a trial court may grant a defendant's motion for a new trial where "the interest of justice so requires." In this case, the interest of justice demands that the defendant be granted a new trial.

1. Government Trial Errors

During the latter stages of this one and a half day trial, the government made four critical errors. While none of these errors, standing alone, justify a new trial, the combined effect of these four errors calls into question the jury verdict such that the interests of justice demands a new trial.

A) Testimony of Office Jacobson

Officer Karl Jacobson of the New Haven, Connecticut Police Department, testified as the government's expert. His role was to summarize a great deal of the

government's case and offer opinions on critically important issues, such as whether or not the cocaine in question was possessed for delivery as opposed to personal use. Officer Jacobson committed two key errors in his testimony. First, Jacobson pejoratively described the defendant's statement as a "confession". Then, almost immediately after the court struck the reference to "confession" by Jacobson, he blurted out that the case against the defendant amounted to a "slam dunk" in the business of drug investigations. Once again, the court struck this comment and instructed the jury to disregard the statement. The court, after consideration, denied the defendant's motion for a mistrial based on this prejudicial comment. During its final instructions on the law, the court once again directed the jury to disregard this comment.

B) Closing Argument Errors

In closing argument, the government argued that Jacobson had offered an opinion to the effect that drug dealers will transport drugs under the ruse of having women drive a vehicle. The government also mis-stated the law which applied to aiding and abetting. The court corrected these errors, however, the taint that was caused by the four errors, all coming within a short period of time of each other, could not be eliminated.

The interests of justice demand that the defendant be granted a new trial. The significance of these four errors is even greater given that this defendant

faces a mandatory, minimum sentence of life in prison. There is no reason why the judgment resulting in a life sentence should be clouded by governmental trial errors.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Fax: (401) 528 - 4285
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I delivered a copy of the within to Sandra R. Beckner, AUSA by way of ECF filing on the 5th day of July, 2007.

/s/ Edward C. Roy, Esquire