UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-61S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A NEW TRIAL

INTRODUCTION

The defendant's motion for a new trial, based upon four alleged errors made during trial, should be denied. None of these alleged errors, either alone or together, are sufficient to warrant a new trial.

RULE 33 STANDARD

"'Motions for a new trial are directed to the broad discretion of the trial judge, who may weigh the evidence and evaluate the credibility of witnesses in considering such a motion.' United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). However, '[t]he remedy of a new trial is sparingly used, and then only where there would be a 'miscarriage of justice . . . and where the evidence preponderates heavily against the verdict.' Id." United States v. Wilkerson, 251 F.3d 273, 287 (1st Cir. 2001) (reversing the district court's decision to grant a new trial because the evidence against the defendant was strong, and the error, if any, was harmless); United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996) (affirming the district

court's denial of a motion for new trial where defendant did not present new evidence, did not point to any grave errors, and merely reiterated his arguments made at trial).

TESTIMONY OF OFFICER JACOBSON

Defendant alleges that Officer Jacobson's descriptions of a statement as a "confession" and of the case as a "slam dunk" were prejudicial to the defendant. This assertion is not supported by law and is unwarranted given the evidence in this case. Furthermore, the Court took immediate corrective measures as a result of these statements.

"[C]ourts have long recognized that, within wide margins, the potential prejudice stemming from improper testimony or comments can be satisfactorily dispelled by appropriate curative instructions." United States v. Sepulveda, 15 F.3d 1161, 1184 (1st Cir. 1993). There is a general "presumption that jurors will follow direct instruction to disregard matters improvidently brought before them." Id. at 1185. The court in Sepulveda also stated that, "[s]wiftness in judicial response is an important element in alleviating prejudice once the jury has been exposed to improper testimony." Id. In the present case, the Court immediately intervened in both instances and instructed the jury to disregard the statements.

As a preliminary matter, there is absolutely no evidence that the use of the word "confession" was, as used in this

context, either incorrect or prejudicial. The Supreme Court has stated that "'[a] confession is an acknowledgment in express words, by the accused in a criminal case, of the truth of the guilty fact charged or of some essential part of it.'" Opper v. United States, 348 U.S. 84, 91 n. 7 (1954). In United States v. Goodlow, 105 F.3d 1203, 1207 (8th Cir. 1997), the court did not find that the prosecutor's repeated use of the word "confession" was misconduct. The court noted that "[w]hether a statement given to law enforcement officials should be referred to as a confession or an admission appears, at best, to be a question of semantics." Id. Even assuming the use of the word "confession" was improper, the court nonetheless concluded that it did not deprive the defendant of a fair trial. See id.

In this case, when Officer Jacobson used the word "confession," he was referring to statements made regarding defendant's participation in the crime. Specifically, he was referring to the statements made by the defendant to Detectives Francesconi and Ellinwood regarding where defendant bought the drugs, the quantities that he received, and the form that the cocaine was in when he purchased it. The defendant in this case therefore acknowledged essential parts of the crime.

Even if the word "confession" was used in error, the Court satisfactorily remedied the situation by immediately giving curative instructions. The Court instructed the jury to

"evaluate all of the evidence that's been presented about testimony about what was said or not said and to judge what it is on its own merits, and I'm going to instruct the witness not to use descriptive terms such as that in formulating your answer." (Exhibit A, Tr. 6/27/07 at 35.) Unlike the precautions taken by the Court in the case at hand, the district court in Goodlow failed to give formal curative statements[1], yet on appeal Defendant Goodlow's conviction was affirmed. See Goodlow, 105 F.3d at 1207. In addition, because there was an abundance of evidence in this case that clearly pointed to defendant's guilt, the use of the word "confession" cannot be said to prejudice the jury to the extent that it at all affected the verdict. See United States v. Scott, 267 F.3d 729, 742 & n. 9 (7th Cir. 2001) (holding that the use of the word "confession," even if improper, was not prejudicial).

The Court remedied the use of the phrase "slam dunk" by giving immediate curative instructions and again directing the jury to disregard the statement during the final jury instructions. The Court already entertained a motion for a mistrial on the same grounds and found that a mistrial was not warranted under these facts. There are no new arguments or new

---

[1] The court in Goodlow, although overruling the defense objection, did state that it was up to the jury to determine whether the defendant's statements were a confession.

evidence being put forth at this time that show just cause for this motion to be granted.

MISSTATEMENT IN CLOSING ARGUMENT

In closing argument, the government mentioned that Officer Jacobson, an expert witness, had said that he learned in the course of his training that "a good way to transport drugs is to put a woman in the car, have a woman driving the drugs." (Exhibit B, Tr. 6/28/07 at 5.) Officer Jacobson had actually testified that "hav[ing] females and children in the car to avoid detection" was one of many "different methods drug dealers used in each facet of their transportation." (Exhibit A, Tr. 6/27/07 at 4-5.) Pursuant to defendant's objection, the Court clarified the statement for the jury. It told the jury that "one statement made by counsel for the Government during closing statement mischaracterized the testimony of Officer Jacobson," and went on to explain the discrepancy between the testimony regarding a female's presence in the car and the Government's use of the word "driving." (Exhibit B, Tr. 6/28/07 at 12.)

"'[A]llowances must be made for an attorney, even Government counsel, who out of haste or confusion misunderstands the substance of the previous testimony. An honest misinterpretation of testimony without some indication of prejudice does not constitute reversible error.'" United States v. Carrasquillo-Plaza, 873 F.2d 10, 13 (1st Cir. 1989) (quoting King v. United

States, 372 F.2d 383, 395 (D.C.Cir. 1966)). "A non-constitutional evidentiary error is harmless (and, therefore, does not require a new trial) so long as it is highly probable that the error did not influence the verdict." United States v. Piper, 298 F.3d 47, 56 (1st Cir. 2002) (quoting United States v. Tenkler, 61 F.3d 45, 60 & n. 22 (1st Cir. 1995)). The government harmlessly misspoke in this case, and the discrepancy between a woman driving a car and a woman being present in the car is so minimal that it is unreasonable to believe that the verdict is at all influenced. That is, there is no valid argument that if the government had restated Officer Jacobson's testimony correctly as "have females and children in the car to avoid detection" (Exhibit A, Tr. 6/27/07 at 5.) instead of as "put a woman in the car, have a woman driving the drugs" (Exhibit B, Tr. 6/28/07 at 5.), the verdict would have come back not guilty.[2] Additionally, any impact this statement may have had is additionally minimized by the prompt correction by the court. See Sepulveda, 15 F.3d at 1184.

[2] "There is no bright-line rule for divining when particular errors that result in a jury's exposure to improper evidence are (or are not) harmless. Rather, a harmlessness determination demands a panoramic, case-specific inquiry considering, among other things, the centrality of the tainted material, its uniqueness, its prejudicial impact, the uses to which it was put during the trial, the relative strengths of the parties' cases, and any telltales that furnish clues to the likelihood that the error affected the factfinder's resolution of a material issue." Sepulveda, 15 F.3d at 1182.

STATEMENT OF LAW IN CLOSING ARGUMENT

Defendant contends that the government misstated the law that applies to aiding and abetting, but this is untrue. During the government's rebuttal, the prosecutor stated that, "[e]ven if you don't think that the defendant possessed these drugs alone, even if you don't think that these were just Kent Awer's drugs because they were in his suitcase, he made the admissions and they were in his rental car; even if you don't think that, that still does not mean that he is not guilty. Possession can be joint. It's about control and possession can be joint." (Exhibit B, Tr. 6/28/07 at 19.) Further, she stated that, "if you find that he knew about those drugs, and he helped [Ms. Johnson] because you think that she's the mastermind behind all this, he's still guilty." (Exhibit B, Tr. 6/28/07 at 20.)

"A defendant may be convicted as an aider and abettor if the evidence shows: (1) that the underlying offense was committed by the principal; (2) that the defendant consciously shared the principal's knowledge; and (3) that he 'willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.'" United States v. Keene, 341 F.3d 78, 84 (1st Cir. 2003). The government's statements are in complete compliance with the law on this subject and were in no way made in error. The court in Keene goes on to say that "[t]he revisor's note to 18 U.S.C. § 2

states that 'one who puts in motion or assists in the illegal enterprise. . . is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense.'" Id.

Furthermore, to the extent there was an error, the Court properly instructed the jury on the law in the instructions following closing argument. The Court advised the jury that to demonstrate aiding and abetting, the government must demonstrate that "someone else committed the charged crime;" and "that defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to make it succeed. Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting." (Exhibit C, Final Jury Instructions.)

CUMULATIVE EFFECT OF ERRORS

Defendant argues that the combined effect of the alleged errors is sufficient to warrant a new trial. In order for this argument to work, "[the defendant] must establish that the individual miscues, while insufficient in themselves to warrant a new trial, have an aggregate effect that impugns the fairness of the proceedings and thus undermines the trustworthiness of the verdict." Williams v. Drake, 146 F.3d 44, 49 (1st Cir. 1998).

The defense has made no such allegations and has not presented even a scintilla of evidence to demonstrate that the supposed errors had a negative effect on the verdict. Every misstatement and possible misstatement that was made was immediately and sufficiently remedied by curative instructions from the Court. There are no grounds on which to conclude that there were sufficient errors made during the course of the trial that would fulfill the high threshold required for a new trial.

CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's motion for a new trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/ s / SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02803
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On July 25, 2007, I caused the within "Government's Response to Defendant's Motion for a New Trial" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward C. Roy
Assistant Federal Public Defendant
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov