UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENT AWER,<br>Defendant | CR. No. 06-061S |

**ORDER**

Defendant Kent Awer seeks a new trial based upon four alleged errors made during trial.

Rule 33 allows a defendant to petition the trial judge for a new trial. Such a motion is "directed to the broad discretion of the trial judge," United States v. Indelicato, 611 F.2d 276, 387 (1st Cir. 1979) and "is sparingly used, and then only where there would be a miscarriage of justice . . . and where the evidence preponderates heavily against the verdict." Id.

Defendant puts forth four errors that, he believes, justify a new trial. The first two errors, defendant contends, occurred when Officer Jacobson, testifying as a witness, described the defendant's statement to police as a "confession" and made an editorial comment that the case was a "slam dunk." The second two errors allegedly occurred during the government's closing, when the government stated, mistakenly, that Jacobson had opined that drug

dealers commonly utilize female drivers when transporting drugs, and then misstated the law on aiding and abetting.

All of these errors, however, were addressed immediately by the Court with explicit - and satisfactory - jury instructions. There is nothing to indicate that the errors unduly prejudiced the jury, especially in light of the curative instructions given immediately after each statement was made. See United States v. Sepulveda, 15 F.3d 1161, 1184 (1st Cir. 1993). Moreover, the misstatements made during the government's closing, while they should not have been made, were clearly not intentional and, if anything, were likely the product of the mere "haste or confusion" that is normal in the hurly-burly of trial. See United States v. Carrasquillo-Plaza, 873 F.2d 10, 13 (1st Cir. 1989). Followed by their own curative instructions, the impact was negligible.

In sum, none of these errors, combined or alone, rises to a level sufficient under Rule 33 to justify a new trial. The defendant's motion is therefore DENIED.

It is so Ordered.

ENTER:

William E. Smith
United States District Judge
Date: 7/30/07