UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

DEFENDANT'S OBJECTION TO INFORMATION
FILED PURSUANT TO 21 U.S.C. § 851

_____NOW comes the defendant, through counsel, and objects to the Information Charging Prior Conviction, filed in this case by the government on the grounds that the Information, served on defense counsel and the defendant literally minutes before the commencement of jury selection was not filed in compliance with the statute. 21 U.S.C. § 851(a)(1) requires that an information alleging prior offenses be filed with the court "before trial". In this case, the government filed the 851 sentencing Information literally minutes prior to the commencement of jury selection on June 5, 2007. The government's filing of the 851 sentencing Information only minutes before jury selection is inconsistent with the policies underlying the notice requirements of 21 U.S.C. § 851(a)(1). The defendant incorporates by reference the attached Memorandum of Law in Support of Objection to Information Filed Pursuant to 21 U.S.C. § 851.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

CERTIFICATION

I hereby certify that I served a copy of the within through the ECF case filing system upon Sandra R. Beckner, AUSA, on the 28th day of August, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO INFORMATION FILED PURSUANT TO 21 U.S.C. § 851

The defendant objects to the Information Charging Prior Conviction filed by the government in this case on the ground that the Information was not filed in a timely manner as the Information, filed in reality only moments before the jury selection began on June 5, 2007, was required to be filed "before trial", in time sufficient to allow the defendant to consider the Information and its effects in order to make an informed decision. While the provisions of 21 U.S.C. § 851 do not define what is meant by the term "before trial", it is clear that the term means more than "moments before trial" as the policy underlying the requirement is to afford a defendant the opportunity to meaningfully reflect on his decision to go to trial.

In United States v. Prou, 199 F. 3d 37 (1st Cir. 1999), the United States Court of Appeals for the First Circuit, in discussing the meaning of the phrase

"before trial", stated the following:

> Although Section 851(a)(1) empowers the Executive Branch either to seek or to abjure an enhanced sentence, the statute's pretrial filing and service requirements serve an entirely different purpose: they afford the accused adequate time to make a fully informed decision whether to plead or stand trial. (citation omitted)
>
> 199 F.3d at 47.

The key phrase in the above-noted excerpt from the Prou opinion is "adequate time to make a fully informed decision whether to plead or stand trial." The term "before trial" must mean more than five minutes before jury selection, especially given the purpose underlying the 851 notice requirement, providing a defendant facing a life-altering decision "adequate time" to make that decision.

At least one other court construing Section 851's "before trial" requirement has described the term as "ambiguous". See United States v. Beasley, 2007 U.S. App. LEXIS 1762, No. 04-4107, * 12; (4th Cir. July 25, 2007).

The defendant expects that the government will minimize the timing of the filing of the 851 Information by arguing that the defendant was already aware of the possibility of the filing of the Information, therefore literal compliance with the provisions of Section 851 is not necessary. That interpretation of Section 851 would be inconsistent with the opinion of the United States Court of Appeals in United States v. Pinillos-Prieto, 419 F. 3d 61, 75 (1st Cir. 2005). One of the

three defendants whose appeals were consolidated in Pinillos-Prieto, Nolgie Rodriguez-Zamo, was served his 851 Information under circumstances strikingly similar to those in the instant case, literally minutes before the commencement of jury selection. 419 F. 3d at 75. The district court refused to apply Section 851 because the timing of the "cliff hanging" filing prevented the court from holding a colloquy on the defendant's knowledge of the order. 419 F.3d at 76-77. The Court of Appeals remanded Mr. Rodriguez-Zamo's case for clarification by the district court. To date, hearings are still pending in the district court.

Defendant requests a full evidentiary hearing be held so that the Court can make a determination as to the government's compliance with all of the requirements of 21 U.S.C. § 851.

KENT AWER,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served on Sandra R. Beckner, AUSA on the 28th day of August, 2007 by way of ECF case filing.

/s/ Edward C. Roy, Esquire