UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-061S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S RESPONSE TO "DEFENDANT'S OBJECTION TO INFORMATION FILED PURSUANT TO 21 U.S.C. § 851"

The defendant objects to the timing of the government's filing of an enhancement pursuant to 21 U.S.C. § 851 and seeks an evidentiary hearing on the issue. However, so long as an enhancement information is filed and served before jury selection, the information is timely under the law. See United States v. Cartagena-Carrasquillo, 70 F.3d 706, 715 (1st Cir. 1995). Accordingly, the defendant's motion should be denied.

FACTS

On May 10, 2006, the defendant was indicted by a Grand Jury which charged him with possession with the intent to distribute 50 grams or more of cocaine base. Based upon his criminal history, the defendant was eligible for an enhancement to mandatory life imprisonment. On June 20, 2006, the government made him a plea offer in which the government would only file one enhancement if the defendant pled guilty. See Exhibit 1[1]. On June 26, 2006, the government provided the defendant with copies

[1] In this letter the government set a deadline for acceptance of its offer; however, during subsequent discussions this deadline was lifted.

of the certified convictions upon which the government would rely to file its enhancements. See Exhibit 2. Over the next year, the government discussed its plea offer with the defense counsel on several occasions and the defendant indicated that he was well aware of the government's position. See, e.g., Exhibit 3; Exhibit 4; Defendant's Memorandum of Law in Support of Defendant's Objection to Information Filed Pursuant to 21 U.S.C. § 851, p.2..

At 2:28 p.m. on June 5, 2007, minutes before jury selection, the government electronically filed its enhancement to mandatory life imprisonment. Immediately prior to filing the enhancement, the undersigned spoke with defense counsel on the telephone about the enhancement information.

ARGUMENT

Section 851 sets forth procedural requirements that must be met prior to the filing of an information enhancing a defendant's penalty range under 21 U.S.C. § 841. Section 851 requires that the government file the information "before trial, or before entry of a plea of guilty . . . ." 21 U.S.C. § 851(a)(1). While waiting until the last moment to file an enhancement is discouraged, the statute only requires that the enhancement be filed before jury selection. See Cartagena-Carrasquillo, 70 F.3d at 715; see also United States v. Ceballos, 302 F.3d 679, 692

(7th Cir. 2002); United States v. Brown, 921 F.2d 1304, 1309 (D.C. Cir. 1991).

In support of his contention that the § 851 information was untimely, the defendant cites to United States v. Prou, 199 F.3d 37, 47-48 (1st Cir. 1999); however, Prou dealt with a situation in which the government filed its enhancement after jury selection. This is a crucial distinction that was recognized by the Court. See id. at 48. While addressing the issue, the First Circuit stated that the pretrial filing requirement in § 851 existed so that the defendant had "adequate time to make a fully informed decision whether to plead or stand trial." Id.. Significantly, however, the Court did not hold that a filing moments before jury selection was in violation of the statute. Furthermore, the notice concern discussed in Prou is not at issue in a case such as this, where the defendant had nearly a year to contemplate whether he should accept the government's offer to plead to one enhancement or proceed to trial and face an enhancement to mandatory life. See Exhibits 1 - 4.

In United States v. Pinillos-Prieto, 419 F.3d 61 (1st Cir. 2005), a case also relied upon by defense counsel, the government filed its § 851 enhancement minutes before jury selection. The district court refused to apply the enhancement at sentencing because the court did not engage in a colloquy with the defendant regarding the enhancement information. See id. at 67. The First

Circuit remanded the case to the district court to clarify its ruling and in doing so, the First Circuit specified that § 851 does not require a colloquy with the defendant prior to jury selection. See id. at 77. On remand, the district court clarified its previous ruling, finding that the government timely filed and notified the defendant of its information prior to jury selection despite the absence of a colloquy with the defendant regarding the information. See United States v. Pinillos, 2007 WL 1577775, at *1 (D.P.R. May 30, 2007). The only issues left pending in Pinillos are factual challenges to the prior convictions. See Exhibit 5.

The law is well-settled. So long as the information is filed and served prior to jury selection, there is no basis to contest the timeliness of its filing. See Cartagena-Carrasquillo, 70 F.3d at 715. In this case, the government's intention to file an enhancement to mandatory life imprisonment was made known to the defendant a year prior to jury selection; the government's plea offer was repeatedly discussed over the course of that year; the government's counsel called defense counsel immediately prior to filing the enhancement information; and, the information was electronically filed prior to jury selection. In short, the government complied with the requirements of 21 U.S.C. § 851.

CONCLUSION

Based upon the foregoing, the defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On September 6, 2007, I caused the within "Government's Response to Defendant's Objection to Information Filed Pursuant to 21 U.S.C. § 851" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Edward C. Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov