EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

NOLGIE RODRIGUEZ-ZAMO,

Defendant.

**CIVIL NO. 01-0520 (CCC)**

## REPORT AND RECOMMENDATION

## INTRODUCTION

On June 12, 2007, defendant Nolgie Rodríguez-Zamo filed a "Renewed Motion for Evidentiary Hearing on Adequacy of Prior Record and Sufficiency of Notice of Proposed 851 Enhancement and Request that Enhancement be Stricken." (Docket No. 431).

On July 2, 2007, the Court issued an Order referring to a Magistrate Judge the holding of an evidentiary hearing and a report and recommendation on the adequacy of a prior record for the government's proposed enhancement to the sentence of up to life for this defendant as filed in the Information pursuant to Title 21, United States Code, Section 851 (Docket Nos. 431, 440 and 444). The Court's referral was circumscribed to the two (2) factual allegations raised by defendant in his Renewed Motion (Docket No. 431), namely "that the California and Michigan offenses were related offenses that involved the failure to file monetary instruments, instead of narcotics offenses as identified in the Information. The Florida offense, in turn, allegedly was disposed of with a different sentence from that described in the Information." (Docket No. 440, p. 7). The Court found that the first factual allegation was not supported by the documentary evidence submitted by the U.S. Probation Officer and reviewed by the Court. In addition, the Court determined the second factual allegation, "even if true, appeared to be of no consequence to the increased punishment entailed by the filing of the Information. . ."

(Id.) Nonetheless, the Court recognized that it was "bound by the statute 'to hold a hearing to determine any issues raised by [defendant's] response which would except the person from increased punishment. 21 U.S.C. § 851(c)(1).'" Accordingly, the factual challenges were referred to this Magistrate Judge for a hearing and report and recommendation. (Docket Nos. 440 and 443). The Court's referral reminded the parties that, as prescribed by statute, the United States had the burden of proof beyond a reasonable doubt on these issues of fact raised by defendant in his response and that no additional issues of fact except those raised by defendant in his Motion, as enumerated in the Order, were to be discussed at the hearing. (Docket No. 440).

On August 27, 2007, the government filed a "Motion Submitting Certified Documents" of defendant's prior record required to sustain its burden of proof at the hearing pursuant to Title 21, United States Code, Section 851. In this Motion, the government apologized for its late filing due to the change in Assistant United States Attorneys assigned to the case. (Docket No. 463).

Prior to the hearing, defendant filed a "Motion to Strike and/or prohibit the Government from Introducing Certified Documents in Support of Section 851 Enhancements and Striking Requested Enhancement. " (Docket No. 464). This Motion was orally DENIED mainly for two reasons: 1) defendant was going to be provided with an opportunity to review the documents attached to Docket No. 463 during the hearing with the assistance of his counsel; and 2) most, if not all of the documents submitted by the government in Docket No. 463, had already been provided to the defense and the Court either by the government or the U.S. Probation Office during the course of the proceedings.

On August 28, 2007, the evidentiary hearing was held before the undersigned.

## EVIDENTIARY HEARING

Present at the evidentiary hearing were defendant Nolgie Rodríguez-Zamo, defense counsel Michael A. Pizzi, Jr. and AUSA Warren Vázquez.

The government relied on the documents submitted in Docket No. 463 to sustain its burden of proof at the hearing pursuant to Title 21, United States Code, § 851. The government argued the documents of defendant's prior criminal record were certified copies which clearly showed defendant's three (3) prior convictions for controlled substances violations in which the government was relying to request at the time of sentencing to enhance defendant's sentence pursuant to Title 21, United States Code, Sections 841(a)(1) and 851. In relation to the California offense, the government submitted to the Court and to defense counsel additional certified documents[1] in support of said conviction for which defendant pled guilty to an offense for the sale or transportation of a controlled substance and not for failure to file monetary instruments, as argued by defendant.

First, defense counsel stated that he understood the referral of the Court to include at the hearing both the factual issues raised in the Renewed Motion and the improper notice/service of the Information as raised in Docket No. 431. Defense counsel was advised by the undersigned that the presiding District Judge had already ruled, prior to the hearing, on the notice/service issue and that this matter was not subject of the hearing. Specifically, the undersigned read for the record the directive of the Court included in Docket No. 440, p. 6 which reads as follows: "We have time and again stated in several Orders, as referenced above, that the government filed and notified its information on defendant's alleged prior convictions before trial as required by § 851. For the reasons explained in those Orders, defendant's

[1] These additional documents were made part of the exhibits attached to Docket No. 463.

frivolous insistence to the contrary will not be further addressed by the Court." (Docket No. 440, p. 6).

Second, defense counsel argued the Information was defective inasmuch it allegedly stated in the first paragraph that the government was relying on "one or more prior convictions" of defendant when Title 21, United States Code, Section 841 calls for "two or more prior convictions" to be sentenced to the mandatory term of life imprisonment. Thus, defense counsel argued the maximum penalty applicable to defendant pursuant to the Information was twenty (20) years and not life imprisonment. Defendant was informed that a careful reading of the Information showed that defendant's argument was without merit because the first paragraph of the Information makes reference to the fact that defendant is accused of having one or more convictions therein described as "Conviction One", "Conviction Two" and "Conviction Three." Thus, the first paragraph did not make reference, as alleged by defense counsel, to the number of prior convictions required by §841 for the enhanced penalty under § 851 but to the prior convictions of defendant. In any event, the last paragraph of the Information clearly stated that: "The United States informs that it intends to rely on the above mentioned convictions at the time of sentencing to enhance defendant's sentence pursuant to Tile 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 851." As such, the Information was not misleading and defendant was properly advised that the government was seeking the § 851 enhancement based on defendant's three (3) prior convictions. Defense counsel admitted at the hearing that defendant had never raised before this Court or the Court of Appeals that the Information was allegedly defective.

Then, defense counsel requested and was granted additional time to review with defendant the documents submitted by the government both in Docket No. 463 and at the hearing. Defense counsel met with his client in private in the courtroom during a recess.

After reviewing the documents, defense counsel informed the Court that defendant was not going to contest the Florida conviction mentioned as "Conviction One" in the Information (Docket No. 151). As to the Michigan and California offenses, defense counsel stated, without more, that the government had not complied with its burden of proof because the copies of defendant's prior criminal record in support of these two (2) convictions were not certified and those documents related to "Marco A. Romero" and the government had failed to establish that "Marco A. Romero" was the same as the defendant herein "Nolgie Rodríguez-Zamo." Defense counsel also stated that the factual issue raised in relation to the California offense, being related to failure to file monetary instruments and not a narcotics offense, was not totally frivolous because the charging document introduced at the hearing, included offenses for failure to file monetary instruments as well as a narcotics offense. However, defense counsel recognized the documents submitted by the government at the hearing showed defendant pled guilty to a narcotics offense charged in California.

The government then argued that defendant did not challenge the authenticity of the documents submitted by the government and that it had met its burden of proof.

## DISCUSSION

Based on the evidence presented at the evidentiary hearing, in which the defendant was granted ample opportunity to challenge the government's position and the documents submitted by the government, we find the government has met with its burden of proof beyond a reasonable doubt on the issues of fact raised by defendant pursuant to Title 21, United States Code, § 851.

A review of the documents submitted by the government shows these documents are certified copies of defendant's prior criminal record and the defense has failed to challenge the

authenticity of these documents. Defendant, through arguments of counsel, simply stated the documents submitted by the government were not certified with no evidence in support thereof.

As to the first factual issue raised by defendant that the California and Michigan offenses were related offenses which involved failure to file monetary instruments, the documents submitted by the government clearly show the California conviction was for a narcotics offense and not for a failure to file monetary instruments as alleged by defendant. In fact, defense counsel admitted at the hearing the documents so showed. As such, the documentary evidence submitted by the government does not support defendant's first factual allegation and the government has met its burden of proof as to the first factual issue raised by the defense.

As to the second factual issue raised by defendant, it was stipulated at the hearing that defendant was not going to contest the Florida conviction. Accordingly, the second factual issues that "the Florida offense, in turn, allegedly was disposed of with a different sentence from that described in the Information" has become a non-issue.

Finally, defendant raised at the hearing that the documents in support of the Michigan and California offenses related to "Marco A. Romero" and the government had failed to establish that "Marco A. Romero" was the same as the defendant herein "Nolgie Rodríguez-Zamo." As properly argued by the government at the hearing, the presiding District Judge ruled on this matter prior to the hearing at Docket No. 440., pp. 3-5. In essence, the Court ruled that "Marco A. Romero"is one of the aliases of defendant Nolgie Rodríguez-Zamo as shown by some of the certified copies submitted by the government and the U.S. Probation Office. (Docket No. 440., pp. 3-5). Accordingly, there is no need to delve on this matter.

In sum, the documentary evidence submitted by the government does not support defendant's two (2) factual issues. As such, it is recommended to the Court to find that the

government has met its burden of proving both issues of fact beyond a reasonable doubt as required by Title 21, United States Code, § 851.

## CONCLUSION

In view of the foregoing, it is recommended to the Court to find that the government has met its burden of proving both issues of fact beyond a reasonable doubt as required by Title 21, United States Code, § 851.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 5th day of September of 2007.

**s/ CAMILLE L. VELEZ RIVE**

**CAMILLE L. VELEZ RIVE**
**UNITED STATES MAGISTRATE JUDGE**