UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-61 S

KENT AWER :

MOTION TO STRIKE MANDATORY MINIMUM SENTENCE

NOW comes the defendant, Kent Awer, and moves to strike the mandatory minimum life sentence applicable in this by virtue of the 21 U.S.C. § 851 Information filed by the government. In support of this motion, the defendant incorporates by reference the attached Memorandum of Law in Support of Motion to Strike Mandatory Minimum Sentence. The imposition of a mandatory minimum sentence of life imprisonment is contrary to the provisions of 18 U.S.C. 3553(a) in that the filing of the Sentencing Information under 18 U.S.C. § 851 effectively deprives the court of the ability to consider mitigating circumstances, something that the court is mandated to do under Section 3553(a).

KENT AWER,
By his attorney

/s/ Edward C. Roy, Esq.
Edward C. Roy, Esq.
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281

CERTIFICATION

I hereby certify that I caused a copy of the foregoing to be served upon Sandra R. Beckner, AUSA on the 2nd day of Octber, 2007 by way of ECF case filing.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 06-61 S |
| KENT AWER | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE MANDATORY MINIMUM SENTENCE

The defendant, Kent Awer, has moved to strike the mandatory minimum life sentence applicable in this case by virtue of the 21 U.S.C. § 851 Information filed by the government.

1. Background

The defendant was found guilty after trial of one count of possession of more than fifty grams of cocaine base. D.E. 148. Minutes before jury selection, the government filed an Information under the authority of 21 U.S.C. § 851, citing three prior felony controlled substance convictions, mandating a prison sentence of life imprisonment. D.E. 126. The defendant has previously filed an objection to the 851 Information on the grounds that it was filed too close to the trial and is, therefore, untimely. D.E. 159. The court has scheduled a hearing on the objection for October 16, 2007.

2. The Imposition Of A Sentence Of Life Imprisonment Under 21 U.S.C. § 851 Violates The Provisions Of 18 U.S.C. § 3553(a) Mandating That The Court Impose A Sentence Sufficient, But Not Greater Than Necessary, To Comply With The Purposes Of Sentencing Set Out In 18 U.S.C. 3553(a)(2).

In order to decide the instant motion, the court must grapple with two conflicting, mandatory statutory provisions, the mandatory minimum of life imprisonment called for by 21 U.S.C. § § 841(a), (b)(1)(B) and 851 and the requirement, set out in the sentencing "parsimony" provisions of 18 U.S.C. § 3553(a), that the court impose a sentence "sufficient, but not greater than necessary" to comply with the sentencing goals contained in Section 3553.

In this case, the mandatory life imprisonment sentence called for by the combination of 21 U.S.C. § § 841(a) and (b)(1)(B) and 851 is inconsistent with the "parsimony" provisions set forth in 18 U.S.C. § 3553(a) in that it is possible for the court to satisfy the goals of sentencing by imposing a sentence of a term of years. Without question, this is a case that calls out for a substantial sentence, given the amount of cocaine base seized and the defendant's prior record. A sentence of life imprisonment is the second harshest sentence that may be imposed by a United States District Judge. Only a sentence of death exceeds the life sentence called for by the application of 21 U.S.C. § 851 to Kent Awer. In this case, the court, if it accepts the government's arguments that the mandatory minimum term of life imprisonment applies, may not weigh any of the mitigating

factors present in Mr. Awer's case.

In contrast to the sentencing procedure established by 21 U.S.C. 851, a death sentence can only be imposed after the court weighs both mitigating and aggravating factors. See 18 U.S.C. § 3591, *et seq*.. Section 3591 requires that a hearing be held before a death sentence is imposed. Further, the court must consider mitigating circumstances under 18 U.S.C. § 3592.

I. 18 U.S.C. § 3553(a) Mitigating Factors

Mr. Awer's three prior convictions involve small amounts of controlled substances. PSR at ¶¶ 23, 24 and 25. The facts of these convictions illustrate that Mr. Awer was a street-level seller of cocaine base, certainly not a kingpin. The imposition of a life sentence where Mr. Awer's prior convictions are based on street level sales is grossly disproportionate in view of the factors set out in 18 U.S.C. § 3553(a). There is no indication that the instant offense involved a firearm or any threat of violence.

In any event, Mr. Awer's prior convictions do not in any way justify the imposition of the second harshest punishment available under federal criminal law. Common sense would seem to dictate that life imprisonment would be reserved for the most incorrigible and dangerous defendants. Mr. Awer's criminal history does not show that he ever possessed firearms or, more importantly, that he ever carried firearms in connection with any of his prior drug

convictions. Again, while Section 3553(a) requires a sentencing court consider a defendant's history, this court is deprived from factoring the nature of Mr. Awer's prior offenses into the sentencing calculus.

Mr. Awer grew up impoverished in New York City. See PSR at ¶¶ 30-33. He never knew his father. He left school in the ninth grade. Mr. Awer is certainly in need of education and vocational training. Ironically, given his lack of education and job skills, he would likely benefit from vocational training in a correctional environment. In other words, he could learn to be a productive member of society, but for the government's choice to seek a life sentence. While the defendant must concede that it is the government's role to choose maximum sentences, there is no indication that the government ever considered the street level nature of Mr. Awer's priors, his family background or learning disability.

According to the PSR, at ¶ 37, Kent Awer has suffered from learning disabilities. Defense counsel is in the process of obtaining Mr. Awer's records from the William Maxwell High School in Brooklyn, New York.

Finally, the defendant is a citizen of Barbados and faces deportation at the conclusion of his sentence. Many courts have recognized that non-citizen defendants receive somewhat more restrictive confinement while incarcerated. See United States v. Navarro-Diaz, 420 F. 3d 581 (6th Cir. 2005) ( Case remanded in light of *Booker* where district court had expressed some concern that

defendant would be subject to more severe sentence as he was ineligible for six month half way house); United States v. Davoudi, 172 F. 3d 1130 (9th Cir. 1999) (District court had discretion to depart because defendant facing deportation could not take advantage of six months home confinement provided by 18 U.S.C. § 3624( c ) ); United States v. Pacheco-Soto, 386 F.Supp.2d 1198, 1205 (D.N.M. 2005)(In drug case, below guidelines sentence imposed where district court recognized that the defendant would face more severe confinement because of ineligibility for early release, minimum security classification and drug program).

In Mr. Awer's case, the imposition of a life sentence, with no rehabilitative component, is completely inconsistent with the sentencing goals set out in 18 U.S.C. § 3553(a). In addition, a life sentence is a very expensive burden for the taxpayers to shoulder.

Finally, in view of the lack of evidence as to the basis for the filing of the 851 Information, nothing is known of the underlying thought processes. The court is left to guess as to whether the United States Attorney was even aware of, let alone weighed, any of the mitigating factors set out above. In contrast to the completely opaque decision to file an Section 851 Information, driven solely by the prosecution, the sentencing process provided for in Section 3553(a) is completely transparent. The public, and taxpayers, benefit from sentences that can be explained and reviewed. This court always explains its rationale for

exercising its discretion in imposing a particular sentence.

Certainly Congress would prefer the imposition of a sentence explained by the sentencing judge over an irrationally long sentence imposed based on factors weighed behind closed doors. Additionally, the 851 Information was filed literally minutes before jury selection began, evidencing a hasty, cliff-hanging decision.

3. Resolving The Conflict Between 18 U.S.C. § 3553(a) And 21 U.S.C. §§ 841(a), (b)(1)(B) And 851.

As set forth above, in order to decide this motion, this court must construe and interpret the conflicting statutory provisions of 18 U.S.C. § 3553(a) and 21 U.S.C. §§ 841(a), (b)(1)(B) and 851.

Neither the text of nor any provisions governing Sections 841(a), (b)(1)(B) or 851specifically limit the application of 18 U.S.C. § 3553(a). While section 841(b) does specify that the court impose a "mandatory" term of life imprisonment, that statute contains no language that prohibits the court from exercising its discretion in the appropriate case.

18 U.S.C. § 3551 provides, in pertinent part:

> **§ 3551. Authorized sentences**
>
> **(a) In general**.- - Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(A)(2) to the extent that they are applicable in light of all of the circumstances

of the case.

**(b) Individuals**. - - An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to - -

(3) a term of imprisonment by subchapter D.

18 U.S.C. § 3551.

While, in the instant case, § 841 (b) provides for a "mandatory" sentence of life imprisonment, the statute is silent as to how a sentencing court should handle a case where the application of the § 3553 (a) factors leads a sentencing court, in the exercise of its discretion, to conclude that a life sentences should not be imposed. The only way to "harmonize" the competing provisions of 18 U.S.C. § 3553(a) and 21 U.S.C. § 841 (b) is to allow the court to exercise its discretion under § 3553 (a).

If one reviews section 3553(a), it is clear that the statute requires that a sentencing court consider sentences "available", as provided in § 3553(a)(3). Section 3553(a)(3) does not, however, state that Section 841 (b), or any other mandatory minimum statute, supersedes Section 3553 (a).

The mandatory life portion of section 841(b) does not contain the "Notwithstanding any other provision of law,. . ." language contained in other parts of that section. This exclusion allows the court to harmonize the life imprisonment provision with section 3553(a). " ' Where Congress includes

particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' Russello v. United States, 464 U.S. 16, 23 (1983)." Gozlon-Peretz v. United States, 498 U.S. 395, 404 (1991).

The defense anticipates that the government will argue that, because two subsections in § 3553 provide for relief from mandatory minimum statutes, subsections 3553(e) and (f), those two subsections are the exclusive means that a district court may use to sentence below a mandatory minimum. Plainly, those two subsections are not the only means that can be utilized to fashion a below-guidelines sentence. See United States v.Gorsuch, 404 F. 3d 543 (1st Cir. 2006); (Remanding in light of United States v. Booker, with instructions to sentence without regard to mandatory minimum sentence as government forfeited claim that mandatory minimum should apply); Fed.R.Crim.P. 35(b).

In Gorsuch, the district court sentenced the defendant below the mandatory minimum for use of a firearm in a bank robbery case. The government claimed on appeal that the district court erred in imposing a sentence below the mandatory minimum, however, the Court of Appeals, citing the defendant's severe mental illness, found that the no plain error occurred as provided in Fed.R.Crim.P. 52(b). Id., at 404 F. 3d, 547. The Court of Appeals found that the government met its burden as to the first three components of plain error but had not met its burden of

showing that the error "seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id., at 404 F. 3d, 547 ( citing United States v. Duarte, 246 F. 3d 56, 60 ( 1st Cir. 2001) ).

Gorsuch stands for the proposition that a sentencing court may impose a sentence below the mandatory minimum in a case where the factors under § 3553(a) weigh in favor of a variance.

In the instant case, should the court determine that the § 3553(a) calculus leads to a conclusion that a sentence of a term of years is "sufficient, but not greater than necessary" to comply with the sentencing policies set out in 18 U.S.C. § 3553 (a), the mandatory minimum sentence of life specified by 21 U.S.C. § 841(b) should not act as impediment to the court's exercise of its discretion.

Finally, in light of Booker v. United States, 543 U.S. 220 (2005), which struck down the mandatory provisions of section 3553 (b),

KENT AWER,
By his attorney

/s/ Edward C. Roy, Esq.
Edward C. Roy, Esq.
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the foregoing to be served upon Sandra R. Beckner, AUSA on the 2nd day of October, 2007 by way of ECF case filing.

/s/ Edward C. Roy, Esquire