IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-06-61S |
| | : | |
| KENT AWER | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO STRIKE MANDATORY MINIMUM SENTENCE

The defendant moves the Court to strike the information charging a prior conviction filed pursuant to 21 U.S.C. § 851 on the ground that it "is contrary to the provisions of 18 U.S.C. 3553(a) in that the filing . . . effectively deprives the court of the ability to consider mitigating circumstances. . . ." In requesting this relief, the defendant does not cite to a single case that actually supports his novel attempt to circumvent 21 U.S.C. §§ 841 and 851. Moreover, he asks the Court to ignore the text of the governing statutes and federal case law. Accordingly, the Court should deny the defendant's motion.

Except for in certain limited situations, see, e.g., 18 U.S.C. §§ 3553(e) and (f), a sentence below the statutory mandatory minimum mandated by Congress is error. See United States v. Gorsuch, 404 F.3d 543, 545-47 & n.1 (1st Cir. 2005) (recognizing that the sentence below the statutory mandatory minimum was error, but the government forfeited the right to appeal such error by not raising the issue at sentencing)[1];

---

[1] The defendant cites Gorsuch for the proposition that "a sentencing court may impose a sentence below the mandatory minimum in a case where the factors under § 3553(a) weigh in favor of a variance." However, a careful reading of Gorsuch reveals that the case actually stands for the proposition

United States v. Rodriguez, 938 F.2d 319, 320-22 (1st Cir. 1991) (holding that a sentence below the statutory minimum was plain error).

The First Circuit is not alone in its view that the mandatory minimum sentences set by Congress are in fact mandatory. See United States v. Franklin, --- F.3d ---, 2007 WL 2416436, at *6-7 (6th Cir. Aug. 28, 2007) ("nothing in Booker allows the court to negate the imposition of a mandatory minimum sentence."); United States v. Roberson, 474 F.3d 432, (7th Cir. 2007) (section 3553(a) does not "authorize court to sentence below minimums specifically prescribed by Congress."); United States v. Kellum, 356 F.3d 285 (3rd Cir. 2004)(holding that section 3553(a) does not give the district court authority to sentence below the statutory mandatory minimum); United States v. Rush, 240 F.3d 729, 731 (8th Cir. 2001) ("Because the Government did not file a motion under 18 U.S.C. § 3553(e), the district court lacked authority to depart from the mandatory minimum sentence.").

In Kellum, 356 F.3d 285, the defendant raised the same arguments regarding the mandatory minimum sentence as the defendant in this case raises. Defendant Kellum claimed that the

---

that a sentence below the mandatory minimum is error. The First Circuit remanded the case for resentencing without regard for the mandatory minimum only because the government forfeited its right to appeal the error by not raising the issue of a "statutorily required" minimum at sentencing. See Gorsuch, 404 F.3d at 545-48.

statutory minimum sentencing was greater than necessary to achieve the goals of sentencing and thus, in his view, 18 U.S.C. § 3553(a) required the district court to impose a sentence below the statutory minimum. See id. at 287. In affirming the district court's reluctant imposition of the mandatory minimum sentence, the Third Circuit noted that the mandatory minimum sentences provided by 18 U.S.C. § 924(c) and 21 U.S.C. § 841 are exceptions to the sentencing dictates of § 3553. See id. at 289. The court also noted that §§ 3553(e) and (f) provide the "only authority" for a district court to depart below the mandatory minimum sentence. Id.

The defendant's motion is not supported by law. Therefore, the government respectfully requests that the defendant's motion to strike be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On October 9, 2007, I caused the within “Government’s Response to Defendant’s Motion to Strike Mandatory Minimum Sentence” to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj